**ROGERS, Appellee,**

**v.**

**VILLAGE OF WAKEMAN et al., Appellants.**

[Cite as *Rogers v. Wakeman* (1995), 107 Ohio App.3d 456.]

Court of Appeals of Ohio,
Sixth District, Huron County.

No. H–95–013.

Decided Nov. 17, 1995.

*Richard B. Hauser,* for appellee.

*Michael K. Ashar,* for appellants.

---

HANDWORK, Judge.

This case is on appeal from the January 27, 1995 judgment of the Huron County Court of Common Pleas which granted declaratory judgment to appellee, Linda Rogers, and ordered that the village council reinstate her as a member of council. On appeal, appellants, the village of Wakeman, its mayor and its council, assert the following assignments of error:

"1. The trial court committed prejudicial error by denying appellants due process of law in failing to afford appellants the opportunity to be heard at the preliminary injunction hearing and by conducting the final hearing on the merits well before the answer period had expired.

"2. The trial court is without jurisdiction over the subject matter of this action.

"3. The trial court's interpretation of R.C. 731.45 is clearly erroneous and contrary to law."

The village of Wakeman is an incorporated municipality under the general statutory plan for municipal governments. Its council has not adopted any internal rules. Linda Rogers is a duly elected member of the village council.

On January 6, 1995, Rogers brought suit against the village of Wakeman, its mayor, and other village council members. Rogers sought declaratory judgment, reinstatement to her position, and a preliminary injunction or temporary restraining order to bar the village from filling her council seat while this case was pending. The case was consolidated with Rogers's administrative appeal regarding the same events.

Rogers was elected to serve a four-year term beginning January 1, 1992, and expiring December 31, 1995. On November 14, 1994, the village council charged Rogers with disorderly conduct and malfeasance in office. On December 12, 1994, the village council tried Rogers and voted four-to-one to remove her from office. Rogers argued that the village council did not have authority to remove her from office and that her conduct during a meeting was not disorderly.

Before appellants filed their answer to the complaint, the court scheduled a preliminary injunction hearing for January 17, 1995. Because of unavoidable circumstances, appellants' counsel could not attend the hearing. The court indicated that it would proceed to hear part of the testimony and permit additional testimony at the permanent injunction hearing. Following the hearing,

the court issued a temporary restraining order to prohibit appellants from filling Rogers's alleged "vacancy" and maintain the status quo. A second hearing was held on January 27, 1995 and both parties presented oral arguments. By a decision journalized on the same day, the Huron County Court of Common Pleas held that the removal of Rogers was void *ab initio* because she could only be expelled by council from one meeting on the basis of disorderly conduct and that the council lacked authority to remove her from office. The court ordered that Rogers be reinstated to her position.

The village, its mayor, and its council sought an appeal from the January 27, 1995, order to this court.

█ We begin by addressing appellants' second assignment of error, inasmuch as it is logically the first issue we must address. Appellants argue that the lower court lacked subject matter jurisdiction to issue an injunction against the village council barring it from removing one of its members. They argue that the Ohio Revised Code gives the village "original jurisdiction" over the expulsion of one its members. They further argue that the court cannot "bootstrap jurisdiction under the guise of the remedy sought" (which was injunction and declaratory judgment).

█ It has long been recognized that every individual has a right to claim protection of the law. For every vested legal right, there is also a legal remedy for the infringement of that right. *Marbury v. Madison* (1803), 5 U.S. 137 (1 Cranch 137), 2 L.Ed. 60. Thus, the issue of whether a legislative body has deprived individuals of their rightful elected positions is a matter for the courts to decide. The lower court was the proper court to render declaratory judgment and issue an injunction. Therefore, appellants' second assignment of error is not well taken.

█ In their first assignment of error, appellants argue that they were denied due process of law when the lower court granted judgment to Rogers without holding an evidentiary hearing regarding the preliminary injunction. Appellants further argue that the court failed to follow the procedure set forth in Civ.R. 65(B)(2) regarding preliminary injunctions.

█ The lower court declared that Rogers could not be expelled from her office by other council members. It also ordered her to be reinstated to her office. Since reinstatement is a specific remedy available for breach of employment contracts, the second part of the court's order is a nullity. The appropriate remedy for preventing other members of council from interfering with Rogers's possession of her elected office is an injunction. The court did not grant Rogers a permanent injunction.

The lower court issued a temporary restraining order solely to maintain the status quo while this case was being decided. It never issued a preliminary injunction. Once the court rendered declaratory judgment in Rogers's favor, the temporary restraining order automatically dissolved. Whether it should have been issued or not, and whether the court followed the required procedure in issuing it, are now moot issues.

Therefore, appellants' first assignment of error is not well taken.

█ In their final assignment of error, appellants argue that the lower court incorrectly interpreted R.C. 731.45.

█ A court must construe a statute to give effect to the intent of the legislature. *State v. S.R.* (1992), 63 Ohio St.3d 590, 594, 589 N.E.2d 1319, 1322–1323, and *Henry v. Cent. Natl. Bank* (1968), 16 Ohio St.2d 16, 45 O.O.2d 262, 242 N.E.2d 342, paragraph two of the syllabus. Statutory language that is clear must be applied without interpretation. *Ohio Council 8, Am. Fedn. of State, Cty. & Mun. Emp., AFL–CIO v. Cincinnati* (1994), 69 Ohio St.3d 677, 683, 635 N.E.2d 361, 365. The words and phrases of the statute are to be "read in context and construed according to the rules of grammar and common usage. Words and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly." R.C. 1.42.

The General Assembly is empowered by the Ohio Constitution, Section 38, Article II, to enact statutes governing the removal of public officials. Appellants argue that the General Assembly enacted R.C. 731.45 to provide a method for removal of a member of council by the other members of council. The lower court interpreted this statute as providing that a village council may expel one of its members, but only for one meeting. The statute at issue reads as follows:

"The legislative authority of a municipal corporation shall determine its own rules and keep a journal of its proceedings. It may punish or expel any member for disorderly conduct or violation of its rules, and declare his seat vacant for absence without valid excuse, where such absence has continued for two months. No expulsion shall take place without the concurrence of two thirds of all the members elected, and until the delinquent member has been notified of the charge against him and has had an opportunity to be heard."

We agree with appellee that this statute, when read in its entirety, merely empowers a village council to regulate its own proceedings. Therefore, we find that the statute provides for the expulsion of a member of council from a meeting by a two-thirds vote of the remaining members of council. Because a member of council is an elected official of the citizens of the municipality, it is implicit in the statute that the expulsion is effective only while the disorderly conduct is occurring. Cf. 1950 Ohio Atty.Gen.Ops. No. 2181 (In deciding whether the

Governor of Ohio had the power to remove a council member from office, the Attorney General stated that "[t]he specific provisions of law applicable to the question of removal of council [members] from office are found in Section 4238 [now R.C. 731.45] and Section 4670 of the General Code of Ohio."); Gotherman & Babbit, Ohio Municipal Law 70, Section 5.07 ("Vacancies [can] arise by * * * expulsion from council [see R.C. 731.45].").

Therefore, we find appellants' third assignment of error not well taken.

Accordingly, the judgment of the Huron County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellants are hereby ordered to pay the court costs of incurred on appeal.

*Judgment affirmed.*

GLASSER and SHERCK, JJ., concur.