PLOTTS, Appellant,

v.

HODGE, Mayor, et al., Appellees.

[Cite as *Plotts v. Hodge* (1997), 124 Ohio App.3d 508.]

Court of Appeals of Ohio,
Third District, Paulding County.

No. 11-97-7.

Decided Dec. 19, 1997.

*Glenn H. Troth,* for appellant.

*Harvey E. Hyman,* for appellee.

HANDWORK, Judge.

This is an appeal from a judgment of the Paulding County Court of Common Pleas in which the court dismissed an action filed by appellant, Toby Plotts. Appellant filed the action after appellees, the mayor and councilpersons of the village of Melrose, Ohio, found by majority vote on December 18, 1996, that appellant was not qualified to serve as a councilperson for the village and removed him from office. Appellees found appellant unqualified to serve pursuant to R.C. 731.12 because, in addition to sitting on council, he also worked as a

paid volunteer firefighter for an adjoining village that contracted with Melrose village to provide firefighting services to Melrose village. Appellees appointed another person to appellant's seat on January 8, 1997.

Appellant filed his complaint on March 17, 1997, asking the trial court to issue a judgment declaring (1) that he is qualified to serve on the village council, (2) that appellees' vote removing him from office was illegal and void, (3) that appellees' vote barring appellant from voting was illegal and void, (4) that appellant is a valid member of the village council, and (5) that all votes taken by appellees after appellant was ousted from office were void. Appellant also sought an injunction from the trial court to prevent appellees from voting to expel appellant from council. Appellant subsequently filed a motion for a temporary restraining order, which was summarily denied by the trial court.

Appellees filed a motion to dismiss appellant's complaint. Appellees argued that the trial court had no jurisdiction to consider appellant's complaint because the remedy he sought, to regain his public office, could only be awarded in an action for quo warranto, and a trial court has no jurisdiction to consider an action for quo warranto.

The trial court agreed with appellees' assessment of the case. On May 16, 1997, the trial court filed a judgment entry in which it stated:

"The Court further finds that if it were to enter a declaratory judgment finding that the plaintiff's removal was wrongful and enjoining the defendants from removing the plaintiff as a member of the Village Council, the Court, in effect, would be removing Mr. Osborn as a member of the Village Council;

"The Court therefore finds that the relief actually sought by the plaintiff is relief that can only be obtained in an action in *quo warranto;* and

"The Court further finds that the Supreme Court of Ohio and the Courts of Appeals of Ohio have *exclusive* jurisdiction in *quo warranto* actions. (See *Strah v. Lake County Humane Society,* 90 Ohio App.3d [*sic*] 822 [631 N.E.2d 165] );

"The Court further finds that this Court is without jurisdiction and that the plaintiff's complaint should be dismissed at plaintiff's costs.

"IT IS THEREFORE ORDERED that this cause be and hereby is dismissed for lack of jurisdiction.

"The Court would note that the foregoing determination has been made without determining the correctness of the procedures followed in the removal of the plaintiff."

On June 10, 1997, appellant filed his notice of appeal. He has presented two assignments of error for consideration:

"I. The Paulding County Court of Common Pleas erred in finding that it lacked jurisdiction to consider the merits of Plaintiff–Appellant's declaratory judgment action.

"II. The trial court erred.in finding that Appellant's exclusive remedy lay in an action in *quo warranto.*"

Because the assignments of error are interrelated, we will consider them together.

Appellant is contending, in support of each of his assignments of error, that the trial court should have rendered a declaratory judgment in this case, because he first needs a finding from that court that appellees acted illegally when they voted to remove him from his council seat. Appellant contends that after that declaration is made, he will be able to pursue an action in quo warranto to regain his seat. He argues that he has not yet sought the removal of the person who was appointed to his seat; he has only sought declarations that he was illegally removed from the seat and that he remains the rightful holder of the seat.

Appellees respond that appellant is actually seeking the return of his seat and he must bring an action in quo warranto in order to have the appointed person removed from the seat and to have himself reinstalled in the seat. Appellees argue that in Ohio a trial court does not have jurisdiction to consider a quo warranto case. Therefore, appellees state, the trial court in this case did not err when it dismissed appellant's case for lack of jurisdiction.

Appellant is correct that in some circumstances, trial courts in Ohio can assume jurisdiction to consider a complaint for a declaratory judgment or for an injunction when a public office holder is asserting a claim that he or she is the rightful holder of the office. For instance, the Sixth District Court of Appeals affirmed the declaratory judgment of a common pleas court in a case filed by a village council member who filed the action after her fellow council members voted to remove her from office for disorderly conduct. *Rogers v. Wakeman* (1995), 107 Ohio App.3d 456, 458, 669 N.E.2d 32, 33–34. A replacement had been appointed, but had not yet taken the seat vacated by the council member's ouster when the council member filed suit in the common pleas court. The council member sought a declaratory judgment that her ouster was unlawful, reinstatement to her seat, and an injunction or temporary restraining order to prevent the village from filling her seat. *Id.* at 458, 669 N.E.2d at 33–34. The trial court granted a temporary restraining order to maintain status quo. After holding hearings in the case, the trial court ruled that the ouster of the council member was illegal and ordered her reinstatement. The Sixth District Court of Appeals stated:

"It has long been recognized that every individual has a right to claim protection of the law. For every vested legal right, there is also a legal remedy for the infringement of that right. Thus, the issue of whether a legislative body has deprived an individual of their rightful elected position is a matter for the courts to decide. The lower court was the proper court to render declaratory judgment and issue an injunction." (Citations omitted.) *Id.* at 459, 669 N.E.2d at 34.

The Fourth District Court of Appeals also tacitly recognized that a trial court can issue an injunction in a case filed by an ousted councilperson who brings suit to challenge the legality of the ouster and to prevent the seating of an appointed replacement. *Leach v. White* (Jan. 31, 1979), Scioto App. No. 1215, unreported. The majority of the members of the appellate panel in *Leach v. White* dismissed the appeal from a temporary injunction after ruling that the judgment was not final and appealable. *Id.* In reaching the decision that the judgment was not final and appealable, the majority considered whether rights of the parties were substantially affected by the judgment and made the following statement:

"Lastly the Appellants demand review of Council's action removing the challenged councilman. We note that the Court has done just that and found the voting procedure wanting, the Trial Court does not have the power to independently do council's job, but reviews their action. It has done so."

The majority then ruled that no rights were substantially affected and dismissed the appeal. Of significance is the acceptance of the appellate court of the jurisdiction of the trial court to assume jurisdiction in the suit for an injunction to prohibit the replacement from being seated and to determine if the ouster of the councilman was unlawful.

However, while appellate courts have permitted trial courts to consider actions for declaratory judgment or injunction before a replacement is seated, this court can find no instance where a trial court has been permitted to assume jurisdiction after the replacement has been seated. Appellant's main contention in this case, that an action for quo warranto cannot be brought until a trial court has first made a declaration that a public office holder has a valid claim to the disputed office, is incorrect. Once a councilperson has been ousted, and a replacement has been appointed and seated, the proper method for settling the dispute regarding who has a valid claim to the seat is an action for quo warranto. See *Reisig v. Camarato* (1996), 111 Ohio App.3d 479, 483, 676 N.E.2d 594, 597; R.C. 2733.01 *et seq.* In the context of the quo warranto proceeding the court where the action is filed will consider whether (1) the ousted office holder was lawfully elected, (2) the ousted office holder was legally qualified to hold office, and (3) the action ousting the office holder was unlawful. The court considering the quo warranto will make appropriate orders to ensure that the person with the

valid claim to the office is actually seated. *State ex rel. Billis v. Summers* (1992), 76 Ohio App.3d 848, 854, 603 N.E.2d 410, 413; R.C. 2733.08; R.C. 2733.14; R.C. 2733.17.

The trial court properly found that it no longer had jurisdiction to act in this case, because a trial court cannot consider an action for quo warranto. R.C. 2733.03. Once appellant's replacement was seated, appellant's only appropriate remedy was to file an action for quo warranto. If the trial court still had jurisdiction to consider a complaint for declaratory judgment or injunction after the replacement was seated as appellant contends, the trial court would, in effect, be permitted to tread upon the exclusive jurisdiction of the appellate courts and the Supreme Court of Ohio in quo warranto because the declaratory judgment would of necessity determine many of the very issues that must be ruled upon in a quo warranto proceeding. Furthermore, the trial court could not issue an injunction to prevent events that had already occurred, the vote oust appellant and the seating of his replacement, and is specifically deprived of the jurisdiction to issue an order to oust the replacement from the seat. R.C. 2733.03. Accordingly, we find that appellant's first and second assignments of error are not well taken and are denied.

The judgment of the Paulding County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.

*Judgment affirmed.*

MELVIN L. RESNICK, P.J., and GLASSER, J., concur.