OPINION
{¶ 1} This matter comes for consideration upon the record in the trial court and the parties' briefs. Appellant Nick Levinsky appeals the decision of the Mahoning County Court of Common Pleas dismissing his complaint for declaratory judgment and injunctive relief.
 {¶ 2} Although the trial court dismissed Levinsky's complaint because he was attempting to use the declaratory action and request for injunctive relief as a substitute for an appeal, the trial court should have dismissed Levinsky's complaint for lack of subject matter jurisdiction. Levinsky's complaint seeks relief that can only be obtained by invoking the original jurisdiction of either this court or the Ohio Supreme Court with the filing of a quo warranto action. Accordingly, the judgment of the trial court is affirmed as it reached the correct result, albeit for the wrong reason.
 Facts {¶ 3} Levinsky has been employed by the Boardman Police Department since 1979 and currently holds the rank of sergeant. On April 23, 2002 and June 4, 2002, a competitive promotional exam was given for the position of Police Lieutenant. Applicants finishing first, second, and third on the exam would be promoted to the rank of lieutenant. According to the Civil Service Commission's grading of the exam, Donald Lamping finished third and Levinsky finished fourth. Thus, Lamping was promoted and Levinsky was not.
 {¶ 4} On February 19, 2003, Levinsky filed a complaint asking for both a declaratory judgment and injunctive relief. Specifically, Levinsky sought the following:
 {¶ 5} For judgment declaring the Boardman Township Civil Service Rules and Regulations inconsistent and not in conformity with Ohio Revised Code Chapter 124;
 {¶ 6} For judgment declaring the total grade attainable for the subject Promotion Examination points;
 {¶ 7} For judgment declaring applicant Nick Levinsky received 19.6 points as credit for seniority and applicant Lamping received 14.56 points as credit for seniority;
 {¶ 8} For judgment declaring that the final grade of the Promotion Examination was not calculated in accordance with the Commission's own Rules and Regulations which mandate averaging the scores for the parts included in the Promotion Examination to arrive at the final grade;
 {¶ 9} For judgment declaring that when the Applicant's scores are averaged according to the Commission's own Rules and Regulations, Plaintiff's final grade placed him third and Lamping's final grade placed him fourth;
 {¶ 10} For an injunction ordering the Commission and the Township to promote Plaintiff to the rank of Lieutenant effective December 2, 2002;
 {¶ 11} That the Boardman Township Civil Service Commission be enjoined from further disregard of its own Rules and Regulations; and
 {¶ 12} Any other relief that this Court deems appropriate.
 {¶ 13} In response to this complaint, the Boardman Township Civil Service Commission filed an answer and a motion to dismiss. In its motion, the Commission argued that Levinsky failed to properly appeal the decision of the Commission. The trial court agreed with the Commission's argument and dismissed Levinsky's complaint on January 28, 2004. The trial court cited Levinsky's failure to exhaust his administrative remedies as the basis of its decision. It is from that decision that Levinsky now appeals.
 {¶ 14} Levinsky assigns two assignments of error for this court's review:
 {¶ 15} "The decisions of the Civil Service Commission are not quasi-judicial proceedings of administrative officers and agencies from which an appeal must be taken in a certain time limit."
 {¶ 16} "The trial court erred in granting Defendants' motions claiming Plaintiff failed to state a cause of action when Plaintiff filed a Complaint for Declaratory Judgment and the court can only dismiss it where there is no real controversy or justiciable issue between the parties or when the declaratory judgment will not terminate the uncertainty or controversy."
 Quo Warranto Relief and Jurisdiction {¶ 17} The trial court concluded that Levinsky attempted to use his declaratory action and request for injunctive relief as a substitute for an appeal under R.C. 2506.01. That statute provides:
 {¶ 18} "Every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located as provided in Chapter 2505. of the Revised Code, except as modified by this chapter.
 {¶ 19} "The appeal provided in this chapter is in addition to any other remedy of appeal provided by law.
 {¶ 20} "A `final order, adjudication, or decision' means an order, adjudication, or decision that determines rights, duties, privileges, benefits, or legal relationships of a person, but does not include any order, adjudication, or decision from which an appeal is granted by rule, ordinance, or statute to a higher administrative authority if a right to a hearing on such appeal is provided, or any order, adjudication, or decision that is issued preliminary to or as a result of a criminal proceeding."
 {¶ 21} In order for an administrative act to be appealable under R.C. 2506.01 it must be the product of a quasi-judicial proceeding. M.J. Kelley Co. v. City of Cleveland (1972),32 Ohio St.2d 150, 153, 290 N.E.2d 562; Sebest v. Campbell CitySchool Dist. Bd. of Educ., 7th Dist. No. 00-CA-272, 2002-Ohio-3467, ¶ 6. The earmarks of a quasi-judicial proceeding are notice, a hearing, and the opportunity to introduce evidence.State ex rel. McArthur v. DeSouza (1992), 65 Ohio St.3d 25, 27,599 N.E.2d 268.
 {¶ 22} The Commission's decision of who to hire as police lieutenant was not the product of a quasi-judicial proceeding. It was the result of a civil service examination and other factors that the Commission considered. And while there was notice of the Commission's decision, there was no hearing or opportunity for Levinsky to present evidence before the Commission to help the Commission reach its decision of who to promote. Therefore, an appeal under R.C. 2506.01 would not be proper.
 {¶ 23} Additionally, the Boardman Township Civil Service Commission Rules Regulations do not provide an administrative appeal process that Levinsky could have followed in this situation. The Rules do provide administrative appeal processes for certain situations. For instance, applicants who take a promotional examination may review the exam and answer key at the Commission's office for five business days following the exam. Rule V, Section 11. The applicant's inspection is limited to a review for content and validity in relation to the job description and job title. Id. After inspection, the applicant may appeal in writing, on specialized forms, the validity of any or all of the exam questions and answers. Id. At least two Commission members will review the appeal and their decision will be final. Id. The Rules also set forth a specific process to follow for applicants to compare their tests with the answer key. Rule V, Section 13. And in the cases of demotion, suspension, or removal from a position, the Rules set out an explicit procedure for the employee to follow in the event he wishes to appeal the Commission's decision. Rule X, Section 2. The procedure includes a time limit for filing an appeal to the Commission and a hearing on the appeal. Id. The Rule also specifies that an appeal may then be taken to the common pleas court within thirty days. Id.
 {¶ 24} While the Rules set out administrative remedies for certain situations, they do not specify an administrative remedy for Levinsky's issue. In his complaint, Levinsky alleged that the Commission improperly meted out points for seniority and failed to follow R.C. 124.31(B), which addresses how seniority should be calculated for promotions. There is no administrative appeal process in the Rules for this type of complaint. Thus, Levinsky had no administrative remedies to exhaust.
 {¶ 25} Since the Commission's decision was not the product of a quasi-judicial proceeding and because the Boardman Township Civil Service Commission Rules Regulations do not provide an appropriate administrative remedy to address Levinsky's complaint, Levinsky could not file an appeal pursuant to R.C.2506.01. However, an action for declaratory judgment and injunctive relief was likewise improper.
 {¶ 26} Although the trial court dismissed Levinsky's complaint for his failure to exhaust administrative remedies and did not mention any jurisdictional defect, the trial court did not have jurisdiction to entertain the complaint. Pursuant to this court's decision in McCree v. McCree (Mar. 22, 2000), 7th Dist. No. 98-CA-129, a lack of subject matter jurisdiction may be raised sua sponte by a court at any stage in the proceedings and may be raised for the first time on appeal. Fox v. Eaton Corp.
(1976), 48 Ohio St.2d 236, 238; overruled on other grounds,Manning v. Ohio State Library Bd. (1991), 62 Ohio St.3d 24, 29. More importantly, in McCree this court held that a court of appeals is bound to raise any jurisdictional questions not raised by the parties. Id. at 3, citing Kouns v. Pemberton (1992),84 Ohio App.3d 499, 501. Accordingly, we will limit our review to the issue of jurisdiction.
 {¶ 27} Quo warranto is the exclusive proceeding to test the actual right to an office. Beasley v. East Cleveland (1984),20 Ohio App.3d 370, 373, citing State ex rel. Maxwell v. Schneider
(1921), 103 Ohio St. 492. See, also, Parma v. Cleveland (1984),9 Ohio St.3d 109. The Ohio Constitution vests courts of appeals with original jurisdiction for quo warranto actions. Section 3, Article IV, Ohio Constitution. It gives the Supreme Court of Ohio concurrent original jurisdiction for such actions and appellate jurisdiction to review decisions by the courts of appeals in such cases. Id. at Section 2. Common Pleas Courts never have jurisdiction to consider quo warranto actions. R.C. 2733.03.
 {¶ 28} In Plotts v. Hodge (1997) 124 Ohio App.3d 508, a case similar to the one before us, the appellant argued that the trial court should have rendered a declaratory judgment because he needed an initial finding that the appellees acted illegally when they voted to remove him from his council seat. He explained that after that declaration was made, he would be able to pursue an action in quo warranto to regain his seat. He emphasized that he had not yet sought the removal of the person who was appointed to his seat.
 {¶ 29} The Plotts court responded that appellant was correct that in some circumstances, trial courts can assume jurisdiction to consider a complaint for a declaratory judgment or for an injunction when a public office holder is asserting a claim that he or she is the rightful holder of the office. However, the Plotts court explained that trial courts are limited to considering actions for declaratory judgment or injunction before a replacement is seated. Once a councilperson has been ousted, and a replacement has been appointed and seated, the proper method for settling the dispute regarding who has a valid claim to the seat is an action for quo warranto. ThePlotts court expounded:
 {¶ 30} "Once appellant's replacement was seated, appellant's only appropriate remedy was to file an action for quo warranto. If the trial court still had jurisdiction to consider a complaint for declaratory judgment or injunction after the replacement was seated as appellant contends, the trial court would, in effect, be permitted to tread upon the exclusive jurisdiction of the appellate courts and the Supreme Court of Ohio in quo warranto because the declaratory judgment would of necessity determine many of the very issues that must be ruled upon in a quo warranto proceeding. Furthermore, the trial court could not issue an injunction to prevent events that had already occurred, the vote oust appellant and the seating of his replacement, and is specifically deprived of the jurisdiction to issue an order to oust the replacement from the seat. R.C. 2733.03." Id. at 513.
 {¶ 31} Levinsky has presented this court with the very same dilemma. He has not yet sought the removal of Lamping. We are mindful, however, that when dealing with extraordinary writs, it is imperative to look to substance over form as the Eighth District has reasoned:
 {¶ 32} "Virtually every challenge to another's title to a public office can be phrased as a declaratory relief action seeking interpretation of some underlying constitutional or legislative provision. If that ploy were allowed, counsel could avoid the mandated quo warranto remedy which must be filed in designated appellate courts." Beasley at 373.
 {¶ 33} Although Levinsky's complaint on its face is couched as a request for declaratory judgment and injunctive relief, the substance of Levinsky's pleading asks that he be declared the rightful occupant of the contested position. More importantly, it seeks his promotion. For that to occur, it must first be established that Lamping does not belong in the position and should be removed or ousted. However, common pleas courts cannot order declaratory or injunctive relief which effectively provides quo warranto relief and thereby circumvent this specialized remedy. See also Unirea Societatilor Romane Carpatina ofCleveland v. Suba (1998), 130 Ohio App.3d 538.
 {¶ 34} It is clear that Levinsky has sought relief from the trial court that it simply did not have the jurisdiction to give. Levinsky is not without a remedy however since an action in quo warranto where all proper parties are given notice may be filed within three years after the cause of such ouster, or the right to hold the office, arose. R.C. 2733.35; see also, State ex rel.E. Cleveland Fire Fighters' Assn. Local 500 v. Jenkins,96 Ohio St.3d 68, 2002-Ohio-3527.
 {¶ 35} Accordingly, the judgment of the trial court is affirmed.
Donofrio, J., concurs.
Vukovich, J., concurs.