DECISION AND JUDGMENT ENTRY
{¶ 1} Kida Newell appeals the judgment of the Jackson County Court of Common Pleas dismissing her cause of action for lack of subject matter jurisdiction. Newell filed a "COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF" against the City of Jackson ("City"), the Civil Service Commission ("Commission"), and Doug Reed. She sought Reed's removal as fire chief by alleging (1) Reed lived outside the district and (2) the Commission violated the Sunshine Law. She asked the court to void the results of the fire chief examination that Reed passed (and she failed) and order the Commission to conduct another exam. The trial court characterized Newell's complaint as one seeking quo warranto relief and dismissed it for lack of subject matter jurisdiction. On appeal, Newell agrees that the trial court lacks *Page 2 
subject matter jurisdiction over her quo warranto action to remove Reed as fire chief. However, she contends that the trial court does have jurisdiction to consider an alleged Sunshine Law violation and that the trial court erred in dismissing that portion of her complaint. Because the overall substance of Newell's complaint contains a cause of action for quo warranto relief (for Reed's ouster from office), we disagree. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} Newell is a firefighter for the City. When the previous fire chief resigned, the City's Commission did not maintain a list of eligible persons for the position. To fill the position, the Commission conducted an examination. Reed received the only passing score on the examination and the City subsequently appointed Reed fire chief.
 {¶ 3} Thereafter, Newell filed a complaint against the City, the Commission, and Reed, alleging that the Commission should not have allowed Reed to take the exam because he did not live in the applicable fire district. She further alleged that the Commission failed to follow the requirements of R.C. 121.22, Ohio's Sunshine Law, thus, invalidating any action of the Commission and the City in appointing Reed to the fire chief position.
 {¶ 4} Newell seeks a declaration that the City's fire chief position is vacant. She also seeks an injunction enjoining the City from hiring Reed, forcing the Commission to hold another examination for the position, allowing Newell to sit for another examination, and forcing the City to "appoint a qualified individual to the position of Fire Chief as required by Ohio Revised Code section 124.44." *Page 3 
 {¶ 5} The City and Reed moved to dismiss the action for lack of subject matter jurisdiction, pursuant to Civ.R. 12(B)(1) and Civ.R. 12(H)(3), on the grounds that Newell's complaint, in fact, seeks quo warranto relief and that the court of common pleas has no jurisdiction over such an action. Instead, they assert that the courts of appeal and the Ohio Supreme Court have original jurisdiction over such actions pursuant to the Ohio Constitution and the Ohio Revised Code.
 {¶ 6} The court granted the motion to dismiss, holding that it "lacked jurisdiction to hear a Quo Warranto action, the jurisdiction of which is granted to the Courts of Appeal and the Ohio Supreme Court."
 {¶ 7} Newell appeals the trial court's dismissal asserting the following assignment of error: "THE TRIAL COURT ERRED IN DISMISSING THE ACTION FOR LACK OF JURISDICTION AS THE DISMISSAL RELATES TO VIOLATIONS OF THE OPEN MEETINGS ACT."
 II. {¶ 8} Sections 2 and 3, Article IV, of the Ohio Constitution give the Ohio Supreme Court and the Courts of Appeal original jurisdiction to consider a writ of quo warranto. State ex rel. Battin v. Bush (1988),40 Ohio St.3d 236, 238. See, also, R.C. 2733.03. Further, "[c]ommon pleas courts cannot order declaratory or injunctive relief which effectively provides quo warranto relief and thereby circumvent this specialized remedy." Beasley v. City of East Cleveland (1984), 20 Ohio App.3d 370; see, also, Levinsky v. Boardman Twp. Civ. Serv. Comm., Mahoning App. No. 03 MA 36, 2004-Ohio-5931; 79 Ohio Jur.3d, Quo Warranto, Section 6. "In order for a writ of quo *Page 4 
warranto to issue, a relator must establish (1) that the office is being unlawfully held and exercised by respondent, and (2) that relator is entitled to the office. (Cites omitted.)" State ex rel. Paluf v.Feneli (1994), 69 Ohio St.3d 138, 141. The exclusive action to test the right to an office is quo warranto. Levinsky at ¶ 27.
 {¶ 9} Newell agrees that the trial court does not have subject matter jurisdiction over her quo warranto action seeking Reed's removal from office. Instead, she contends that the trial court erred in dismissing the part of her complaint alleging that the Commission failed to comply with the Sunshine Law. She asserts that the trial court does have subject matter jurisdiction to hear a complaint involving the Sunshine Law and maintains that she is entitled to $500, costs and attorney fees as a result of those violations.
 {¶ 10} R.C. 121.22(I)(1) provides that "[a]ny person may bring an action to enforce" the Sunshine Law, and "[u]pon proof of a violation or threatened violation * * * in an action brought by any person, the court of common pleas shall issue an injunction to compel the members of the public body to comply with its provisions." See, also, McVey v. CarthageTownship Trustees, Athens App. No. 04CA44, 2005-Ohio-2869, ¶ 8. Pursuant to R.C. 121.22(I)(2)(a), if the trial court "issues an injunction pursuant to division (I)(1) * * *, the court shall order the public body that it enjoins to pay a civil forfeiture of five hundred dollars to the party that sought the injunction and shall award to that party all court costs and, subject to reduction as described in division (I)(2) of this section, reasonable attorney's fees." *Page 5 
 {¶ 11} The City, Commission, and Reed, however, claim that despite allegations of Sunshine Law violations, the core of Newell's complaint seeks quo warranto relief. The crux of their argument is that Newell did not state a separate cause of action for a violation of the Sunshine Law. Instead, they maintain that Newell's allegation of a Sunshine Law violation is one reason Newell provides to support her quo warranto cause of action for Reed's removal.
 {¶ 12} "The existence of the trial court's subject matter jurisdiction is a question of law[.]" Yazdani-lsfehani v. Yazdani-lsfehani,170 Ohio App.3d 1, 2006-Ohio-7105, ¶ 20. We review questions of law de novo. Id.
 {¶ 13} "[W]hen dealing with extraordinary writs, it is imperative to look to substance over form* * *." Levinsky at ¶ 31. The reason behind such an approach is because "`[virtually every challenge to another's title to a public office can be phrased as a declaratory relief action seeking interpretation of some underlying constitutional or legislative provision. If that ploy were allowed, counsel could avoid the mandated quo warranto remedy which must be filed in designated appellate courts.' (Cite omitted.)" Id.
 {¶ 14} As such, once a person has already taken public office, the only appropriate remedy to remove that person is "an action for quo warranto." Plotts v. Hodge (1997), 124 Ohio App.3d 508, 513. "If the trial court still had jurisdiction to consider a complaint for declaratory judgment or injunction after the replacement was seated * * * the trial court would, in effect, be permitted to tread upon the exclusive jurisdiction of the appellate courts and the Supreme Court of Ohio in quo warranto *Page 6 
because the declaratory judgment would of necessity determine many of the very issues that must be ruled upon in a quo warranto proceeding." Id. The Plotts rationale applies here.
 {¶ 15} Here, Newell filed a "COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF" in the common pleas court. She prayed for the following relief:
 1. Declare the rights and obligations of the parties as follows:
 a. That the failure of the defendant Commission to follow the requirements of § 121.22 of the Ohio Revised Code renders any actions taken by the commission void.
 b. That the action taken by the City in hiring the current Fire Chief based on the void actions of the Commission is also invalid and void and that the position of Fire Chief of the Jackson City Fire Department be declared vacant.
 c. That the examination given February 7, 2005 for the position of Fire Chief be declared void and a new examination for that position must be given.
 2. Issue preliminary and permanent injunctive relief as follows:
 a. Enjoin the hiring of Doug Reed as Fire Chief of the Jackson City Fire Department.
 b. Mandatorily enjoin the defendant Commission to hold a written competitive promotional examination for the position of Fire Chief and certify the results thereof to the appointing authority forthwith;
 c. Enjoin the defendant Commission to permit the plaintiff to sit for said examination and to refuse to allow persons who do not meet the residency and work location requirements from sitting for said examination;
 d. Enjoin the defendant City, the appointing authority, to appoint a qualified individual to the *Page 7 
position of Fire Chief as required by Ohio Revised Code section 124.44.
 3. Order an award of reasonable attorneys' fees, statutory penalties and costs to the plaintiff.
 {¶ 16} Newell's complaint on its face is couched as a request for declaratory judgment and injunctive relief. However, the substance of her pleading asks the court to remove Reed from the office of fire chief. In addition, it seeks to enjoin the City from filling the position until another examination is given to fill the position. For that to occur, the court must first remove Reed for a proper reason. Newell claims that two reasons for Reed's removal are that (1) he does not live within the fire district and (2) the Commission violated the Sunshine Law. However, as we stated earlier, common pleas courts cannot order declaratory or injunctive relief that effectively provides quo warranto relief and circumvents this specialized remedy. See, also,Unirea Societatilor Romane Carpatina of Cleveland v. Suba (1998),130 Ohio App.3d 538, 541.
 {¶ 17} Newell's alleged Sunshine Law violation claim is not "separate and discrete" from her dismissed quo warranto action. Compare SchoolDist. Bd. of Edn. v. Edn. Sen/. Ctr., 158 Ohio App.3d 253,2004-Ohio-4256, ¶ 18. In School Dist., a local school district challenged resolutions that created a new school district on the grounds that the resolutions were adopted in violation of the Sunshine Law and because the resolutions did not comply with R.C. 3311.26, which "governs the creation of new local school districts." Id., at ¶¶ 4,14. This court held that the local school board's Sunshine Law claim was "separate and discrete" from R.C. 3311.26. Thus, the local school board had standing to pursue its Sunshine Law claims despite its lack of standing to challenge the creation of a new school district under R.C. 3311.26
because the focus of the *Page 8 
Sunshine Law claim was "on the process used to adopt the resolution[,]" not a challenge to "the contents of the resolution." Id. at ¶ 18.
 {¶ 18} However, here, Newell's Sunshine Law claim and quo warranto action both focus on whether the Commission "complied with the open-meeting requirements." Id. Stated differently, the elements that Newell must prove to establish a Sunshine Law violation are elements that must be proved in a quo warranto action. Therefore, unlikeSchool Dist., Newell's Sunshine Law claim is not "separate and discrete" from the quo warranto action. See id. at ¶¶ 18-19.
 {¶ 19} Further, injunctive relief is not proper in this case because Reed has already taken office as fire chief. The Plotts court held that "the trial court could not issue an injunction to prevent events that had already occurred, the vote [to] oust appellant and the seating of his replacement, and is specifically deprived of jurisdiction to issue an order to oust the replacement from the seat." Plotts at 513. ThePlotts holding is sensible in light of the purpose behind the equitable remedy of an injunction, which is "to prevent future injury and not to redress past wrongs." Athens Metro. Housing Auth. v. Pierson, Athens App. Nos. 01CA28, 01CA29, 2002-Ohio-2164.
 {¶ 20} Therefore, if the City wrongfully appointed Reed because (1) Reed lived outside the district and (2) the Commission violated the Sunshine Law, then the proper course to effect Reed's removal is through a quo warranto action.
 {¶ 21} Consequently, because Newell's complaint challenges Reed's title to public office and seeks his removal, we find that the substance of Newell's complaint *Page 9 
seeks quo warranto relief, over which the common pleas court lacks subject matter jurisdiction.
 {¶ 22} Accordingly, we overrule Newell's assignment of error and affirm the judgment of the trial court.
 JUDGMENT AFFIRMED. *Page 10 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellant pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Jackson County Court of Common Pleas, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
McFarland, P.J.: Concurs in Judgment Only. Abele, J.: Concurs in Judgment and Opinion. *Page 1