OPINION
{¶ 1} Pro se Appellant, Lawrence Davis, appeals the entry of summary judgment by the Mahoning County Court of Common Pleas in favor of Appellee, State of Ohio, dismissing his post-conviction petition on procedural grounds. Appellant was convicted on five counts of drug trafficking on December 14, 2005. He filed his appeal of the underlying conviction on December 30, 2005, and the trial transcript was filed in this Court on April 7, 2006. On December 18, 2007, the convictions on counts one and four were reversed, and the remaining convictions were affirmed. Appellant filed his petition on January 28, 2008. Because Appellant's petition was not timely filed, the trial court did not have jurisdiction to entertain the petition. Therefore, the dismissal of the petition is affirmed, albeit on different grounds.
 {¶ 2} Post-conviction efforts to vacate a criminal conviction or sentence on constitutional grounds are governed by R.C. 2953.21, which provides, in pertinent part:
 {¶ 3} "(A)(1)(a) Any person who has been convicted of a criminal offense * * * who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, and any person who has been convicted of a criminal offense that is a felony, who is an inmate, * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief." *Page 2 
 {¶ 4} According to his petition, captioned "Motion for Post-Conviction Relief, Under 2953.23," Appellant claims to have suffered:
 {¶ 5} "1. * * * genuine prejudice to his right to a fair trial pursuant to prosecutorial misconduct in masquerading key witness/accuser as some newfound stellar citizen.
 {¶ 6} "2. * * * ineffective assistance of counsel pursuant to counsel's failure to investigate, or otherwise familiarize himself with, elements ascribed to `school-zone' specifications.
 {¶ 7} "3. * * * prejudice of not having his jury find fact(s) necessary to impose consecutive sentences, especially given prosecutorial misconduct was relied upon by this Court in sanctioning such cumulative punishment." (Motion, pp. 4, 5, 7.)
 {¶ 8} In a Judgment Entry dated November 21, 2007, the trial court entered summary judgment in favor of the state because Appellant's claims were not supported by any evidence outside of the record, citingState v. Milanovich (1975), 42 Ohio St.2d 46, 325 N.E.2d 540. (11/21/07 J.E., p. 4.) The trial court noted that although the first prosecutorial misconduct claim is premised upon a newspaper article and several faxes referred to in Appellant's motion, the article and faxes were not appended to the motion. Finally, with the exception of the claim based upon the newspaper article, the trial court concluded that the remaining claims could have been raised on direct appeal, citing State v.Perry (1967), 10 Ohio St.2d 175, 226 N.E.2d 104. (11/21/07 J.E., p. 5.)
 {¶ 9} Pursuant to R.C. 2953.21, a petition for post-conviction relief must be filed within one hundred eighty days of the date in which the trial transcript is filed in *Page 3 
the court of appeals in the direct appeal, unless certain exceptions enumerated in 2953.23 apply. Id. A trial court is without jurisdiction to consider a petition for post-conviction relief that is filed outside of the statutory time limit. State v. Holloman, 10th Dist. No. 07AP-875,2008-Ohio-2650, ¶ 14; State v. Eubank, 6th Dist. No. L-07-1302,2008-Ohio-1296, ¶ 13; State v. Jordan, 11th Dist. No. 2006-T-0087,2007-Ohio-1067, ¶ 3.
 {¶ 10} Although this issue was not directly dealt with by the trial court or discussed in the appellate briefs, lack of subject matter jurisdiction may be raised sua sponte by a court at any stage in the proceedings and may be raised for the first time on appeal. Levinsky v.Boardman Township Civ. Serv. Comm., 7th Dist. No. 04MA36,2004-Ohio-5931, ¶ 26. In fact, this Court held in Lewinsky that an appellate court is bound to raise jurisdictional questions not raised by the parties. Id.
 {¶ 11} In his motion to the trial court, Appellant concedes that it was not filed within the requisite statutory time frame, but argues that his first claim is based upon information revealed to him in a newspaper article published in April of 2007.
 {¶ 12} R.C. 2953.23 reads, in pertinent part:
 {¶ 13} "(A) * * *a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section * * * on behalf of a petitioner unless division (A)(1) or (2) of this section applies:
 {¶ 14} "(1) Both of the following apply:
 {¶ 15} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief * * * *Page 4 
 {¶ 16} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *."
 {¶ 17} Because Appellant argues that R.C. 2953.23 provides an exception to the 180-day rule solely with respect to his first prosecutorial misconduct claim, he apparently concedes that the remaining claims based upon ineffective assistance of counsel and prosecutorial misconduct are time barred.
 {¶ 18} Furthermore, as acknowledged by the trial court, Appellant failed to attach the newspaper article that allegedly provides Appellant's basis for the R.C. 2953.23 exception to the 180-day rule. Appellant's argument appears to be premised on the fact that an informant, Shane Tisdale, was permitted to complete a drug rehabilitation program prior to testifying at Appellant's trial. Appellant contends that the rehabilitative process allowed the state to mislead the jury as to the informant's drug history, and that Appellant suffered prejudice as a result of the pre-indictment delay he now realizes was the result of Tisdale's drug treatment.
 {¶ 19} Appellant claims:
 {¶ 20} "Tisdale [the informant] was `dressed up' for the juries, thereby denying adequate cross-examination, during trial, or ulterior motives. This is not some profound conjecture Defendant came up with while kicking rocks, but an evident true of the perils this case so presents. Attached article evinces that Tisdale finally committed enough criminal acts to feed drug habit that State could not longer abdicate his abhorrent community threatening ways for the prosecution of someone less deserving of incapacitation. See, attached article. Furthermore, because it is a *Page 5 
seasoned principle that a criminal mind or character is not built overnight, but is a direct derivative of gradually progressive and unpunished acts, Tisdale's supposedly treated drug addiction (Seeattached cross-examination of Tisdale) could be gainsaid to have caused the pre-indictment delay. This theory of criminology was denied pursuant to State's disclosure tactics not full educating defense to Tisdale's true demeanor, and underpins conclusion that State needed such substantial amount of time to `clean-up' Tisdale's appearance for presentation to the grand jury." (Emphasis in original.) (Motion, pp. 4-5.)
 {¶ 21} Contrary to Appellant's first argument, Tisdale was forthcoming about his past drug use during cross-examination at trial. (Trial Tr., pp. 247-257.) He also testified that he successfully completed a court-ordered drug rehabilitation program. (Trial Tr., p. 256.) Consequently, information regarding Tisdale's drug use and rehabilitation were available to the defense at the time of trial, and, therefore, he was not "unavoidably prevented from discovering]" that information prior to April of 2007.
 {¶ 22} Accordingly, Appellant cannot invoke R.C. 2953.23 in order to toll the 180-day statute of limitations set forth in 2953.21 with respect to his prosecutorial misconduct claim. Thus, all of the claims set forth in the petition are time-barred and the dismissal of the petition is affirmed, for lack of subject matter jurisdiction.
Donofrio, J., concurs. Vukovich, J., concurs. *Page 1