[Cite as *State v. Davis*, 2011-Ohio-6025.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 10 MA 160 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| LAWRENCE DAVIS | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:    Criminal Appeal from the Court of
                             Common Pleas of Mahoning County,
                             Ohio
                             Case No. 05 CR 193

JUDGMENT:                    Modified and Remanded.

APPEARANCES:

For Plaintiff-Appellee:      Atty. Paul J. Gains
                             Mahoning County Prosecutor
                             Atty. Ralph M. Rivera
                             Assistant Prosecuting Attorney
                             21 West Boardman Street, 6th Floor
                             Youngstown, Ohio  44503

For Defendant-Appellant:     Lawrence Davis, Pro se
                             #494-988
                             Mansfield Correctional Institution
                             P.O. Box 788
                             Mansfield, Ohio  44901

JUDGES:

Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

                             Dated:  November 18, 2011

WAITE, P.J.

**{1}**    Appellant Lawrence Davis argues that the trial court failed to properly notify him that he would be subject to post-release control after he was convicted of five counts of trafficking in cocaine.  Appellant contends that his sentence is void due to the trial court's error under the holdings of *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250 and *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197.  The record reflects that the trial court informed Appellant regarding post-release control at his sentencing hearing, but only noted in its judgment entry that he was advised pursuant to R.C. 2967.28.  The trial court did not mention that post-release control was mandatory or that it was for three years.  This notice is insufficient to satisfy the requirements of R.C. 2929.14(F).  See *State v. Jones*, 7th Dist. No. 06 MA 17, 2009-Ohio-794.  Appellant's assignments of error are correct.  For the following reasons, we hereby modify and correct the sentence to properly apprise him of post-release control.  This remedy is consistent with the holding in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶30.  The case is remanded for the sole purpose of allowing the trial court to issue a corrected sentencing entry.

## History of the Case

**{2}**    On March 3, 2005, Appellant was indicted on five counts of drug trafficking.  Each count was charged under R.C. 2925.03(A)(1).  Counts one and three were fourth degree felonies, counts four and five were third degree felonies, and count two was a second degree felony.  Appellant was convicted by jury and a sentencing hearing was held on December 12, 2005.  Appellant acknowledges that

he was properly informed about post-release control at that hearing. The court filed its sentencing judgment entry on December 14, 2005. The court sentenced Appellant to one year in prison on count one, five years on count two, one year on count three, two years on count four, and two years on count five, to be served consecutively, for an aggregate prison term of eleven years. The judgment entry noted that: "Defendant was also advised pursuant to R.C. 2967.28." Appellant filed a timely appeal to this Court, and he was partially successful in challenging his sentence. Counts one and four were dismissed on appeal, and his sentence was reduced to eight years in prison. *State v. Davis*, 7th Dist. No. 05 MA 235, 2007-Ohio-7216, appeal not allowed by 118 Ohio St.3d 1408, 2008-Ohio-2340, 886 N.E.2d 872. Counts two (a second degree felony), three (a fourth degree felony), and five (a third degree felony) were affirmed. He filed a motion to reopen his appeal, which was denied. *State v. Davis*, 7th Dist. No. 05 MA 235, 2008-Ohio-2927.

{3} Appellant filed a motion for postconviction relief, which was overruled by the trial court, and the judgment was affirmed on appeal. *State v. Davis*, 7th Dist. No. 08 MA 16, 2008-Ohio-6211.

{4} On August 23, 2010, Appellant filed a motion to correct a void sentence. The trial court held a hearing on the motion on September 9, 2010. The hearing transcript is not part of the record. The court overruled the motion on September 21, 2010. This appeal followed on October 10, 2010.

## ASSIGNMENTS OF ERROR NOS. 1 AND 2

**{5}** "The trial court committed reversible error when it failed to properly include post-release control into its judgement [sic] entry of sentence journalized on December 14, 2005; violating R.C. §2967.28 and Mr. Davis' right to Due Process protected by both the Ohio and United States Constitutions.

**{6}** "The trial court abused its discretion when it overruled Mr. Davis' Motion to Correct a Void Sentence for lack of properly imposed post-release control."

**{7}** Both of Appellant's assignments of error deal with the allegation that the court's sentencing entry fails to properly give notice of post-release control, and thus, they will be treated together. Post-release control is a period of supervision by the Ohio Adult Parole Authority following release from prison. Appellant argues that, under R.C. 2929.19(B)(3), R.C. 2967.28(B) and (C), and 2929.14(F), a trial court must notify a defendant about post-release control at the sentencing hearing and must also include a notice in the sentencing judgment entry. Appellant is correct that, when a person is being sentenced for a felony crime, the trial court must give notice of post-release control at the sentencing hearing and in the final judgment entry. *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864. Failure to adequately notify a defendant about post-release control can result in a determination that the sentence, or part of the sentence, is void. Id. at ¶23.

**{8}** Appellant contends that the phrase used in his sentencing judgment entry is not adequate notice of post-release control. The judgment entry states: "Defendant was also advised pursuant to R.C. 2967.28." (12/14/05 J.E.) Appellant

correctly points out a mere reference to the post-release control statute does not provide sufficient notice of post-release control. *State v. Jones*, 7th Dist. No. 06 MA 17, 2009-Ohio-794; see also, *State v. O'Connor*, 7th Dist. No. 10 MA 81, 2010-Ohio-6384; *State v. Harrison*, 7th Dist. No. 09MA187, 2010-Ohio-2746; *State v. Hagans*, 7th Dist. Nos. 09-MA-2, 09-MA-3, 2009-Ohio-6526. Appellee, in rebuttal, cites to a case from the Sixth District, *State v. Rossbach*, 6th Dist. No. L-09-1300, 2011-Ohio-281, to establish that a mere reference to R.C. 2967.28 is sufficient notice. The notice given in *Rossbach*, though, was more extensive than the notice given in the instant case or in *Jones*, and therefore, *Rossbach* is inapposite to the issue in this appeal.

{9} Errors in notifying a defendant about post-release control have generated much litigation in Ohio. *Jordan*, supra, held that that a sentence that does not contain the proper notifications about post-release control must be vacated. Id. at paragraph two of the syllabus. In *Bezak*, supra, the Ohio Supreme Court held that, without the proper post-release control notifications, the sentencing entry is void in its entirety and that the defendant is entitled to a completely new sentencing hearing. Id. at syllabus.

{10} Various problems arose in applying *Bezak*, particularly with regard to questions of res judicata in cases that had already been through the direct appeal process but were later found to have issues regarding notification of post-release control. It became unclear when, if ever, such cases became final, or how to deal with resentencing and subsequent appeal if the post-release control error was

detected after the direct appeal had ended. These issues were largely resolved in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332. *Fischer* partially overruled *Bezak* and explained how appellate courts should treat sentencing entries that fail to properly explain post-release control. *Fischer* held that only that portion of the sentencing judgment entry dealing with post-release control is void, rather than the entire sentence. Id. at ¶26. *Fischer* has given rise to the concept of a "partially void" judgment. *Fischer* made it clear that, rather than conducting a de novo resentencing to correct a post-release control error, trial courts may only resentence to correct the erroneous or omitted provision for post-release control. Id. at ¶29. *Fischer* also gave the courts of appeals the new option of directly correcting a partially void sentence entry arising from a post-release control error. This remedy involves modifying the sentence without remanding the case to the trial court for a new resentencing hearing:

{11} "[W]e hold that the new sentencing hearing to which an offender is entitled under *Bezak* is limited to proper imposition of postrelease control. In so holding, we come more into line with legislative provisions concerning appellate review of criminal sentences. R.C. 2953.08(G)(2)(b) permits an appellate court, upon finding that a sentence is clearly and convincingly contrary to law, to remand for resentencing. But a remand is just one arrow in the quiver. R.C. 2953.08(G)(2) also provides that an appellate court may 'increase, reduce *or* otherwise modify a sentence * * * *or* may vacate the sentence and remand the matter to the sentencing court for resentencing.' (Emphasis added.) Correcting a defect in a sentence without

a remand is an option that has been used in Ohio and elsewhere for years in cases in which the original sentencing court, as here, had no sentencing discretion.

{12} "Correcting the defect without remanding for resentencing can provide an equitable, economical, and efficient remedy for a void sentence. Here, we adopt that remedy in one narrow area: in cases in which a trial judge does not impose postrelease control in accordance with statutorily mandated terms." (Citations omitted.) Id. at ¶29-30.

{13} In this appeal, it appears that the trial court did not include enough information in the judgment entry to fulfill the statutory post-release control notification requirements. The judgment entry does not state that the defendant was subject to mandatory post-release control or for how long. Therefore, Appellant's assignments of error are partially well-taken. Appellant desires the remedy of a new sentencing hearing, but that remedy is not appropriate in this case. Pursuant to *Fischer*, we hereby modify and correct Appellant's post-release control to apprise him of post-release control, and we remand the case to the trial court with instructions to correct the sentencing entry to reflect this advisement. The following additional language, or language substantially similar, must be added to the sentencing judgment entry:

{14} "The offender will be supervised under section 2967.28 of the Revised Code after the offender leaves prison, including a mandatory period of three (3) years of post-release control imposed by the parole board. If the offender violates that supervision or a condition of post-release control imposed under division (B) of

section 2967.131 of the Revised Code, the parole board may impose a prison term, as part of the sentence, of up to one-half of the stated prison term originally imposed upon the offender".

Vukovich, J., concurs.

DeGenaro, J., concurs.