[Cite as *State v. Davis*, 2012-Ohio-4559.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 11 MA 204 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| LAWRENCE DAVIS | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:         Criminal Appeal from the Court of
Common Pleas of Mahoning County,
Ohio
Case No. 05 CR 193

JUDGMENT:         Affirmed.

APPEARANCES:

For Plaintiff-Appellee:         Atty. Paul J. Gains
Mahoning County Prosecutor
Atty. Ralph M. Rivera
Assistant Prosecuting Attorney
21 West Boardman Street, 6th Floor
Youngstown, Ohio  44503

For Defendant-Appellant:         Lawrence Davis, Pro se
#494-988
Mansfield Correctional Institution
P.O. Box 788
Mansfield, Ohio  44901

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

Dated:  September 25, 2012

WAITE, P.J.

{¶1}   Appellant Lawrence Davis is appealing his felony sentence after the matter was once before remanded so that the trial court could add the proper language to the sentencing judgment entry regarding post-release control.   We instructed the trial court to include post-release control language in the amended judgment entry, and the court complied with this mandate on remand.  *State v. Davis,* 7th Dist. No. 10 MA 160, 2011-Ohio-6025, ¶14.   The case was not remanded for a resentencing hearing or to modify any other part of the sentence.   Because the sentencing judgment entry is now correct and there was no other matter before the trial court, there can be no appealable error now before us.   The judgment of the trial court is affirmed.

{¶2}   In March of 2005, Appellant was indicted on five counts of drug trafficking.   In December, 2005, he was convicted and sentenced to eleven years in prison.   The convictions were partially reversed on appeal, and his sentence was reduced to eight years.  *State v. Davis*, 7th Dist. No. 05 MA 235, 2007-Ohio-7216. On February 17, 2011, Appellant filed a motion to vacate his sentence because the trial court failed to include proper language in the sentencing entry regarding post-release control.   Appellant also requested a new sentencing hearing.   We held that Appellant had been notified of post-release control at the sentencing hearing, but that the language in the sentencing judgment entry did not provide sufficient notice of post-release control to comply with the sentencing statutes.   We modified the sentence to include the proper language, remanded the matter for the sole purpose of issuing a new sentencing judgment entry, but specifically held that no new sentencing hearing was required.   Appellant filed an appeal to the Ohio Supreme

Court, but his appeal was not accepted. *State v. Davis,* 131 Ohio St.3d 1485, 2012-Ohio-1143, 963 N.E.2d 825. The trial court added the corrected post-release control language to the judgment entry and filed it on November 29, 2011. This appeal followed.

ASSIGNMENT OF ERROR NO. 1

TRIAL COURT ABUSED ITS DISCRETION AND WAS PATENTLY AND UNAMBIGOUSLY [SIC] WITHOUT JURISDICTION TO REVISE OR NUN PRO TUNC ITS ORIGINAL SENTENCING JOURNAL ENTRY.

**{¶3}** Appellant argues that the trial court did not have jurisdiction to correct his sentencing entry on remand from this Court. Appellant is incorrect in this argument. We gave the trial court jurisdiction to make the correction to the sentencing entry when we remanded the case for that sole purpose. Appellant appears to be arguing that we misapplied the holding of *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, and that the appropriate solution should have been to require the trial court to hold a new sentencing hearing. Appellant made this argument in his prior appeal, and it was rejected. *Davis*, 7th Dist. No. 10 MA 160, 2011-Ohio-6025, ¶13. Our interpretation of *Fischer* is that a court of appeals may directly modify a sentence to include post-release control language (if the defendant was properly notified of post-release control at the sentencing hearing, which Appellant acknowledges is the case), and that the trial court must correct the sentencing entry accordingly. Appellant apparently does not agree with this conclusion. While he attempted a further appeal to the Ohio Supreme Court, the appeal was not accepted for review. Our holding is now the law of the case and is

not subject to further review. The law-of-the-case doctrine holds that " 'the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.' " *Fischer* at ¶33, quoting *Nolan v. Nolan*, 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984). Therefore, Appellant's first assignment of error is without merit and is overruled.

ASSIGNMENT OF ERROR NO. 2

TRIAL COURT ABUSED ITS DISCRETION WHEN IT SENTENCED DEFENDANT TO A CONSECUTIVE PRISON TERM, BASED UPON DEFENDANT HAVING COMMITTED THE OFFENSE WHILE ON PROBATION, WHEN DEFENDANT WAS NOT ON PROBATION AT THE TIME OF THE OFFENSE.

{¶4} Appellant contends that he was incorrectly sentenced to a consecutive prison term because the trial court believed that he was on probation when he committed the offenses. Appellant asserts that he was not on probation at the time. Appellant was required to raise this error in his earlier direct appeal and the matter is now res judicata. The doctrine of res judicata establishes that "a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." (Emphasis deleted.) *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. Appellant litigated a direct appeal in which he challenged his conviction and sentence on a variety of grounds. He did

not, however, argue that there was error in his sentence due to a mistake regarding his probation status. As Appellant could have raised this issue in the prior appeal, he is now prohibited from raising it in any subsequent appeal. Appellant's assignment of error is without merit.

**{¶5}** In conclusion, Appellant's two challenges to his sentence are not persuasive. In a prior appeal, we ordered the trial court to include proper post-release control language as part of Appellant's sentence. The trial court had jurisdiction to issue a corrected sentencing judgment entry pursuant to our mandate when the case was remanded to the trial court. Any objection Appellant raises as to our remedy in the prior appeal was a matter for review by the Ohio Supreme Court. The Court did not accept his case for review. The trial court corrected the judgment entry. Appellant was not entitled to a resentencing hearing or to any other modification of his sentence. The second alleged error, dealing with consecutive sentences, is barred by the doctrine of res judicata. Appellant could have raised this matter in his first appeal and he did not. The judgment of the trial court is hereby affirmed.

Donofrio, J., concurs.

Vukovich, J., concurs.