{¶ 1} Appellants, Dale Mears, et al. (collectively "appellants"), appeal the decision of the lower court. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the lower court.
 I {¶ 2} According to the case, appellants-franchisees agreed to become a franchisee and operate a Zeppe's franchise restaurant in the spring of 2001. In January 2006, after various disagreements between the parties, appellants-franchisees stopped operating as a Zeppe's franchise and began operating as an independent pizzeria. Appellees argued that appellants were in violation of the franchise agreement.
 {¶ 3} In February 2006, appellants-franchisees argued that appellees Zeppe's, et al. (collectively "Zeppe's") provided misleading and/or incorrect sales projections and committed other errors. Appellants then filed a complaint against Zeppe's in common pleas court on February 8, 2006. In response, Zeppe's filed counterclaims seeking injunctive relief, and moved the trial court to order the franchisees' claims to arbitration. After briefing and a hearing, the trial court granted Zeppe's a preliminary injunction, requiring the franchisees to comply with the post-termination obligations of the franchise agreement.
 {¶ 4} Approximately one year after the injunction was granted, the trial court issued orders: (1) granting Zeppe's motion to send the claims to arbitration; (2) *Page 4 
releasing the injunction bond; and (3) dismissing, without prejudice, Zeppe's counterclaims. Appellants now appeal.
 II {¶ 5} Appellants' assignments of error provide the following:
 {¶ 6} I. "The trial court erred when it ordered the underlying matter to arbitration."
 {¶ 7} II. "The trial court erred when it prohibited appellants from presenting evidence in opposition to the preliminary injunction motion."
 {¶ 8} III. "The trial court erred when it granted appellees' preliminary injunction without a showing of clear and convincing evidence."
 {¶ 9} IV. "The trial court erred when it ordered injunctive measures which adversely affected a third party not part of the litigation."
 {¶ 10} V. "The trial court erred when it unilaterally reduced the previously ordered bond amount."
 {¶ 11} VI. "The trial court erred when it released the injunction bond posted on June 27, 2007, and when it failed to correct that error on July 19, 2007."
 III {¶ 12} Appellants argue in their first assignment of error that the trial court erred when it ordered the underlying matter to arbitration. We do not find merit in appellants' argument. The trial court properly applied the terms of the franchise *Page 5 
agreement and relevant Ohio law in finding that appellants' claims were subject to the mandatory arbitration provision.
 {¶ 13} We review the trial court's ruling on a motion to stay pending arbitration under an abuse of discretion standard. Strasser v. Fortney Weygandt, Inc. (Dec. 20, 2001), Cuyahoga App. No. 79621; Harsco Corp.v. Crane Carrier Co. (1997), 122 Ohio App.3d 406, 410, 701 N.E.2d 1040. Absent a finding that the trial court's decision is unreasonable, arbitrary, or unconscionable, we must affirm the decision of the trial court. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140. Similarly, the standard in reviewing the trial court's decision regarding a motion for extension of time for discovery is one of abuse of discretion. Kupczyk v. Kuschnir (July 27, 2000), Cuyahoga App. No. 76614; Miller v. Lint (1980), 62 Ohio St.2d 209, 214, 404 N.E.2d 752.
 {¶ 14} It is well recognized that public policy favors and encourages arbitration to avoid needless and expensive litigation. Gerig v.Kahn, 95 Ohio St.3d 478, 2002-Ohio-2581, 769 N.E.2d 381.
 {¶ 15} In the case at bar, the franchisees executed the franchise agreement on April 16, 2001. The franchise agreement was for a term of ten years, beginning in August 2001. Under Section 1 of the franchise agreement, Zeppe's granted the franchisees an exclusive right to operate a Zeppe's franchise within the territory defined in the franchise agreement (the "territory"). Also, under Section 1 of the franchise agreement, the franchisees were prohibited from operating within the *Page 6 
territory under a name other than "Zeppe's" or "Zeppe's of ________" without Zeppe's approval.
 {¶ 16} Under Section 4, the franchisees were required to, among other things, operate a Zeppe's franchise restaurant during the term of the franchise agreement. Finally, under Section 7, the franchisees also agreed to refrain from competing with Zeppe's during the term of the agreement and for a five-year period following the termination of the agreement. Appellants-franchisees agreed to arbitrate "all controversies, claims, disputes and matters in question arising out of or relating to this Agreement or the breach under this Agreement * * *."[1]
 {¶ 17} Appellants-franchisees voluntarily sought out Zeppe's in an effort to become franchise dealers. Appellants chose to be a Zeppe's franchisee and were aware of the contractual commitments, financial, legal, etc., involved in this type of business. Anyone entering into a commercial contract has the burden of assuring themselves of what they are taking part in. We are not persuaded that appellants have demonstrated that they were fraudulently induced to enter into the franchise agreement or arbitration clause. Moreover, we can find no evidence of duress or coercion on the part of appellees; appellants voluntarily chose to become franchisees.
 {¶ 18} In addition to the lack of evidence regarding fraud, duress, or coercion, we find no evidence of unconscionability in the parties' arbitration clause. *Page 7 
 "A provision in any written contract * * * to settle by arbitration a controversy that subsequently arises out of the contract, * * * or any agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, or arising after the agreement to submit, from a relationship then existing between them or that they simultaneously create, shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract."
 {¶ 19} Thus, an arbitration clause is valid and enforceable unless it is found to be unconscionable. R.C. 2711.01; Williams v. Aetna Fin.Co., 83 Ohio St.3d 464, 473, 1998-Ohio-294, 700 N.E.2d 859.
 {¶ 20} Accordingly, appellants' first assignment of error is overruled.
 {¶ 21} Due to the substantial interrelation of appellants' second, third, and fourth assignments of error, we shall address them together below. Appellants argue in these three assignments of error that the lower court erred regarding the preliminary injunction. However, as this court has previously stated, orders granting preliminary injunctions are not appealable.
 {¶ 22} Granting of a preliminary injunction in an action for injunctive relief is not a final appealable order. State ex rel. Tollisv. Cuyahoga Cty. Court of Appeals (1988), 40 Ohio St.3d 145,532 N.E.2d 727.
 {¶ 23} It is well recognized that the purpose of a preliminary injunction pending arbitration is to preserve the status quo of the parties pending a decision on the merits. A preliminary injunction which acts to maintain the status quo pending a *Page 8 
ruling on the merits is not a final appealable order under R.C. 2505.02.East Cleveland Firefighters, IAFF Local 500 v. City of E.Cleveland, Cuyahoga App. No. 88273, 2007-Ohio-1447.
 {¶ 24} Here, the preliminary injunction order has been dissolved. Appellants are not currently subject to any injunction order prohibiting them from engaging in any activity related to this litigation, and any questions regarding the validity of the preliminary injunction are moot. This court should not issue advisory opinions about moot questions involving preliminary injunctions that are no longer in effect. See, e.g., State ex rel. Brewer-Garrett Co. v. Metrohealth Systems, Cuyahoga App. No. 87365, 2006-Ohio-5244 (holding that once an issue addressed by preliminary injunction was complete, questions relating to preliminary injunction were moot, and thus were not appropriate for appeal);Rogers v. Village of Wakeman (1995), 107 Ohio App.3d 456, 460 (holding that once a preliminary injunction had been dissolved, questions of "[w]hether it should have been issued or not, and whether the court followed the required procedure in issuing it, are now moot issues").
 {¶ 25} In the case at bar, appellants repeatedly sought reversal of the lower court's rulings. Appellants appealed the lower court's preliminary injunction orders two times with this court, and both times this court, sua sponte, dismissed the appeals. Appellants then sought review of the second appeal to the Ohio Supreme Court, which refused to accept jurisdiction over the appeal. Later, Provolone's Pizza, Ltd., Dale Mears' new company, filed a petition for a writ of mandamus *Page 9 
against the lower court judge, seeking to have the preliminary injunction order vacated. None of these appeals were successful for appellants. Accordingly, appellants' second, third, and fourth assignments of error are not final appealable orders. Consequently, appellants' second, third, and fourth assignments of error are overruled.
 {¶ 26} Appellants' fifth and sixth assignments of error also involve the preliminary injunction that was granted by the trial court. Appellants' final two assignments of error relate to the preliminary injunction bond issued at the preliminary injunction hearing.
 {¶ 27} A cause of action upon an injunction bond accrues only when there is a judicial determination that the injunction should not have been issued. Del-fair v. Conrad Seyferth (May 6, 1981), Hamilton App. No. C-800277.
 {¶ 28} As previously stated, the preliminary injunction in this case was granted, not denied. Moreover, the preliminary injunction order has since been dissolved and the bond securing that injunction has been released. There is no pending injunction order for the bond to secure anymore. Appellants' final two assignments or error concerning the preliminary injunction bond are moot.
 {¶ 29} Accordingly, appellants' fifth and sixth assignments of error are overruled.
Judgment affirmed.
It is ordered that appellees recover from appellants costs herein taxed. *Page 10 
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, J., and MELODY J. STEWART, J., CONCUR.
[1] Franchise agreement, ___15. *Page 1