[Cite as *E. Cleveland Firefighters v. E. Cleveland*, 2019-Ohio-534.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 107034**

**EAST CLEVELAND FIREFIGHTERS, ET AL.**

PLAINTIFFS-APPELLEES

vs.

**CITY OF EAST CLEVELAND, ET AL.**

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED IN PART; REVERSED AND
REMANDED IN PART

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-16-861942

**BEFORE:** Jones, J., Kilbane, A.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** February 14, 2019

**ATTORNEY FOR APPELLANTS**

Willa M. Hemmons
City of East Cleveland Law Director
14340 Euclid Avenue
East Cleveland, Ohio 44112


**ATTORNEYS FOR APPELLEES**

James R. Myers
Ryan J. Lemmerbrock
Muskovitz & Lemmerbrock L.L.C.
1621 Euclid Avenue, Suite 1750
Cleveland, Ohio 44115


LARRY A. JONES, SR., J.:

**{¶1}**  The defendants-appellants in this case are the city of East Cleveland, East Cleveland Mayor Gary Norton, and East Cleveland Fire Chief Richard Wilcox (collectively the "City").   The plaintiffs-appellees are East Cleveland Firefighters IAFF Local 500, AFL-CIO and Thomas Buth, individually and on behalf of East Cleveland Firefighters IAFF Local 500, AFL-CIO (collectively the "Union").   The City appeals from the trial court's April 5, 2018 judgment, in which the trial court, upon the Union's motion, reduced previously imposed sanctions levied against the City to judgment.   For the reasons that follow, we affirm in part and reverse and remand in part.

### I.   Procedural and Factual Background

**{¶2}** The Union represents firefighters employed by the City.   At all relevant times, the Union and City were parties to a collective bargaining agreement ("CBA"), which contained a grievance and arbitration procedure.   Relevant to this case, Article 9 of the CBA required the City to staff the fire department with a daily minimum staff of ten firefighters.   Article 9 also required

the City to call in firefighters on overtime if the department was understaffed because of call-offs to maintain what is known as the "safety manning minimum."

{¶3} In April 2016, the Union filed a grievance and for arbitration, alleging that the City, in violation of the CBA, began unilaterally understaffing the fire department on each daily shift. On April 15, 2016, the Union filed a verified complaint in the common pleas court for a temporary restraining order, preliminary injunction, and declaratory and injunctive relief, seeking an order enjoining the City from breaching the terms of the CBA pending arbitration of its grievance; the Union requested the court to maintain the status quo. The trial court granted the Union's request for injunctive relief that same day, and ordered the City to refrain from breaching or otherwise altering the terms of the CBA pending arbitration. The court scheduled a hearing for April 22, 2016, on the Union's motion for preliminary injunction.

{¶4} On April 22, 2016, the day of the hearing on the motion for preliminary injunction, the Union filed a motion to show cause, requesting that the trial court order the City to appear and show cause why it should not be held in contempt of court for not obeying the April 15 order. The trial court entertained the show cause motion at the April 22 hearing. The City's defense at the hearing was that it was noncompliant because of its dire financial situation.

{¶5} In a judgment dated April 25, 2016, the trial court granted the Union's motion for a preliminary injunction and its motion to show cause. In regard to the show cause, the court fined the City $750 for each day of noncompliance as of April 22, 2016. The City appealed; this court dismissed the appeal for lack of a final appealable order. *E. Cleveland Firefighters v. E. Cleveland*, 8th Dist. Cuyahoga No. 104386, Motion No. 496377 (May 17, 2016).

{¶6} The City continued to be noncompliant, and the Union filed another motion to show cause, which was granted in August 2016; the trial court increased the sanctions to $1,250 per day

and awarded the Union $5,000 in attorney fees. Thereafter, the Union filed a motion to reduce the City's monetary obligations in this case to judgment. The City did not oppose the motion; the court granted it and entered judgment in the amount of $103,000 in favor of the Union and against the City. The City filed a motion for reconsideration, which was denied. The City then appealed the contempt finding and $103,000 judgment. *E. Cleveland Firefighters v. E. Cleveland*, 8th Dist. Cuyahoga No. 104948, 2017-Ohio-1558 ("*E. Cleveland Firefighters I.*")[1]

{¶7} This court noted that "[t]his is not the first time this issue has arisen," and detailed the issues with the minimum staffing requirements dating back to 2006. *Id.* at ¶ 2.[2] Regarding the temporary restraining order relevant to this case, this court noted that the Union's request for the order was facially invalid because the Union failed, as required under Civ.R. 65, to submit an affidavit detailing what efforts it had taken to give notice to the city prior to filing for the order and failed to timely file its bond. This court, however, stated that it "only note[d] this in an effort to ensure compliance in the future should the issuance of a temporary restraining order be of the utmost concern." *Id.* at ¶ 6.

{¶8} This court further noted that the May 2016 dismissal of the city's appeal from the preliminary injunction order (*E. Cleveland Firefighters v. E. Cleveland*, 8th Dist. Cuyahoga No. 104386) "may have been improvident in that R.C. 2505.02(B)(4) defines an order granting a preliminary judgment upon which there is no effective remedy from an appeal following the final judgment as a final appealable order." *E. Cleveland Firefighters I* at ¶ 9. Because the "only relief sought in the Union's complaint was for a preliminary injunction to maintain the status quo

---

[1]On March 12, 2017, while the case was pending on appeal before this court, an arbitration award was issued, thus ending the preliminary injunction the trial court ordered.

[2]As noted in *E. Cleveland Firefighters I*, the City "is in severe financial distress * * * and [its] finances are now under the control of the state auditor under R.C. Chapter 118." *Id.* at ¶ 7.

pending arbitration," the "order granting the preliminary injunction was final; it resolved all claims sought in the complaint." *Id.* Notwithstanding the mistake in the earlier case, this court noted that the "City did not appeal the dismissal to the Ohio Supreme Court and cannot collaterally attack that judgment within the scope of the current appeal." *Id.* at ¶ 11.

{¶9} This court went on to consider the City's claims in the appeal, which included that the trial court erred by "granting a preliminary injunction pending arbitration" and "finding the City in contempt subject to a $103,000 sanction because compliance with the injunction was impossible given the City's financial crisis." *Id.* at ¶ 16. This court found them to be without merit and affirmed the trial court's decision. *Id.* at ¶ 20-23.

{¶10} The City attempted to appeal this court's decision in *E. Cleveland Firefighters I* to the Ohio Supreme Court, but the court declined jurisdiction. *E. Cleveland Firefighters v. E. Cleveland*, 151 Ohio St.3d 1474, 2017-Ohio-9111, 87 N.E.3d 1272.

{¶11} In March 2018, almost one year after *E. Cleveland Firefighters I* was decided, the Union filed a second motion to reduce monetary obligations to judgment. On April 5, 2018, the trial court granted the motion and reduced judgment, as the Union had requested, for the amount of sanctions the City had accrued from the period between the Union's first motion to reduce obligations to judgment and when the preliminary injunction ended, which totaled $248,750.

{¶12} The City now appeals from the trial court's April 5, 2018 order, raising the following assignments of error for our review:

I. The temporary restraining order was facially invalid and must be vacated.

II. The trial court erred to appellant's prejudice in conducting a contempt hearing where there was prima facie evidence that the East Cleveland defendants lacked notice thereof.

III. The trial court's imposition of fines was excessive and beyond the scope of

the trial court's authority.

IV.   The trial court erred to appellant's prejudice in reducing to judgment, sanctions for contempt absent the conduct of a hearing pursuant to R.C. 2705.

V.   Sanctions in the amount of $750.00 per day were excessive and must be vacated.

VI.   Sanctions in the amount of $1,250.00 per day and the award of attorneys' fees were excessive, beyond the scope of the trial court's authority and must be vacated.

## II.   Law and Analysis

{¶13} Many of the issues the City now attempts to have us review are barred under the doctrine of res judicata.

{¶14} Under the doctrine of res judicata, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the same transaction or occurrence that was the subject matter of a previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382, 653 N.E.2d 226 (1995).   The Ohio Supreme Court has identified four elements necessary to bar a claim under the doctrine of res judicata:   (1) there is a final, valid decision on the merits by a court of competent jurisdiction; (2) the second action involves the same parties or their privies as the first; (3) the second action raises claims that were or could have been litigated in the first action; and (4) the second action arises out of the transaction or occurrence that was the subject matter of the previous action. *Portage Cty. Bd. of Commrs. v. Akron*, 109 Ohio St.3d 106, 2006-Ohio-954, 846 N.E.2d 478, ¶ 84.

{¶15} In its first assignment of error, the City contends that the temporary restraining order must be vacated because it was facially invalid.   As mentioned, it is true that this court found the order to be facially invalid in *E. Cleveland Firefighters I*.   Nonetheless, this court did not find it reversible error and stated that it "only note[d] this in an effort to ensure compliance in the future

should the issuance of a temporary restraining order be of the utmost concern." *Id.* at ¶ 6. Because this issue has already been decided, the City is barred under res judicata from raising it again here. The first assignment of error is overruled.

{¶16} For its second assigned error, the City contends that it did not have sufficient notice to prepare for the first show cause hearing because the Union filed the motion on April 22, 2016, the day of the hearing on the motion for preliminary injunction, and the court considered the show cause motion on that same day. The city could have, but failed to, raise the issue in *E. Cleveland Firefighters I*. The issue is therefore now barred by res judicata. Further, we note that, at the hearing, the City never contended that it needed more time to respond to the show cause motion; rather, it defended against the motion on the ground that complying with the trial court's order was an impossibility because of the City's financial situation. The second assignment of error is overruled.

{¶17} In its third, fifth, and sixth assignments of error, the City challenges the amount of the sanctions (first at $750 per day and then increased to $1,250 per day) and the award of attorney fees in favor of the Union. This court already held that it found no error with the sanctions. *Id.* at ¶ 19. And to the extent that the City now contends that there was error in granting the sanctions for reasons other than the reasons advanced in *E. Cleveland Firefighters I*, the failure to raise those reasons in the earlier appeal serves as a bar to the City raising them now. The third, fifth, and sixth assignments of error are overruled.

{¶18} In the remaining challenge by the City, set forth in the fourth assignment of error, it contends that the trial court erred in reducing the City's monetary obligations to judgment.

{¶19} As mentioned, the trial court, upon the Union's motion, twice reduced the City's monetary obligations to judgment: the first time in September 2016, prior to the appeal that

resulted in *E. Cleveland Firefighters I*; and the second time in April 2018, after the opinion in *E. Cleveland Firefighters I* had been issued. Thus, as the City's challenge now relates to the September 2016 judgment, it is barred by res judicata. We will briefly review the argument as it relates to the April 2018 judgment.

{¶20} We first note that the City failed to respond to the Union's motion at the trial court level. We are not persuaded by the City's current argument that the Union's motion was an "improper vehicle upon which to pursue an order of contempt; and accordingly a response thereto was unnecessary." The City should have presented its "improper vehicle" position, along with its supporting authority, to the trial court. That is the very purpose of a brief in opposition — to advocate to the court why a moving party's request should not be granted.

{¶21} Nonetheless, we believe that the trial court should have held a hearing before reducing the sanctions to judgment. *See Bd. of Health of Cuyahoga Cty., Ohio v. Petro*, 8th Dist. Cuyahoga No. 104882, 2017-Ohio-1164 (a party in contempt who admits to not complying with court ordered injunction for several years but argues the impossibility to comply because of financial distress has the right to a hearing before sanctions can be imposed based on the undisputed contempt).[3]

{¶22} In light of the above, the fourth assignment of error is affirmed in part (relative to the September 2016 judgment) and reversed and remanded in part (relative to the April 2018 judgment).

{¶23} Judgment affirmed as to the first, second, third, fifth and sixth assignments of error. Judgment affirmed as it relates to the error set forth in the fourth assignment of error regarding

---

[3]We also note that a review of the docket demonstrates that the trial court never confirmed the arbitration award.

the September 2016 judgment granting the Union's motion to reduce the sanctions to judgment; judgment reversed and remanded as it relates to the error set forth in the fourth assignment of error regarding the April 2018 judgment granting the Union's motion to reduce the sanctions to judgment. Case remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellants and appellees split the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

MARY EILEEN KILBANE, A..J., and
SEAN C. GALLAGHER, CONCUR