[Cite as *E. Cleveland IAFF 500 v. E. Cleveland*, 2020-Ohio-4295.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

EAST CLEVELAND IAFF 500, ET AL.,      :

      Plaintiffs-Appellees,      :

                                   No. 108982

      v.      :

CITY OF EAST CLEVELAND, ET AL.,      :

      Defendants-Appellants.      :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 3, 2020

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CV-16-861942 and CV-18-894067

---

### *Appearances:*

Muskovitz & Lemmerbrock, L.L.C., Ryan J. Lemmerbrock, and Brooks W. Boron, *for appellees.*

Willa M. Hemmons, East Cleveland Director of Law, *for appellants.*

RAYMOND C. HEADEN, J.:

{¶ 1} The city of East Cleveland, Mayor Gary Norton, Jr., and Fire Chief Richard Wilcox ("City") appeal the trial court's judgment of $248,750 in sanctions

plus interest, awarded in favor of the East Cleveland Firefighters, IAFF Local 500, AFL-CIO, and Thomas Buth ("Union") that were imposed due to the City's failure to comply with the terms of a temporary restraining order and preliminary injunction. We affirm.

## I.    Statement of Facts

{¶ 2}    The City has filed numerous prior appeals on this matter and the facts have been previously described as follows:

> The Union represents firefighters employed by the City. At all relevant times, the Union and City were parties to a collective bargaining agreement ("CBA"), which contained a grievance and arbitration procedure. Relevant to this case, Article 9 of the CBA required the City to staff the fire department with a daily minimum staff of ten firefighters. Article 9 also required the City to call in firefighters on overtime if the department was understaffed because of call-offs to maintain what is known as the "safety manning minimum."
>
> In April 2016, the Union filed a grievance and arbitration, alleging that the City, in violation of the CBA, began unilaterally understaffing the fire department on each daily shift. On April 15, 2016, the Union filed a verified complaint in the common pleas court for a temporary restraining order, preliminary injunction, and declaratory and injunctive relief, seeking an order enjoining the City from breaching the terms of the CBA pending arbitration of its grievance; the Union requested the court to maintain the status quo. The trial court granted the Union's request for injunctive relief that same day, and ordered the City to refrain from breaching or otherwise altering the terms of the CBA pending arbitration. The court scheduled a hearing for April 22, 2016, on the Union's motion for preliminary injunction.
>
> On April 22, 2016, the day of the hearing on the motion for preliminary injunction, the Union filed a motion to show cause, requesting that the trial court order the City to appear and show cause why it should not be held in contempt of court for not obeying the April 15 order. The trial court entertained the show cause motion at the April 22 hearing. The City's defense at the hearing was that it was noncompliant because of its dire financial situation.

In a judgment dated April 25, 2016, the trial court granted the Union's motion for a preliminary injunction and its motion to show cause. In regard to the show cause, the court fined the City $750 for each day of noncompliance as of April 22, 2016. The City appealed; this court dismissed the appeal for lack of a final appealable order. *E. Cleveland Firefighters v. E. Cleveland*, 8th Dist. Cuyahoga No. 104386, Motion No. 496377 (May 17, 2016).

The City continued to be noncompliant, and the Union filed another motion to show cause, which was granted [on August 9,] 2016; the trial court increased the sanctions to $1,250 per day and awarded the Union $5,000 in attorney fees. Thereafter, the Union filed a motion to reduce the City's monetary obligations in this case to judgment. The City did not oppose the motion; the court granted it and entered judgment in the amount of $103,000 in favor of the Union and against the City. The City filed a motion for reconsideration, which was denied. The City then appealed the contempt finding and $103,000 judgment. *E. Cleveland Firefighters v. E. Cleveland*, 8th Dist. Cuyahoga No. 104948, 2017-Ohio-1558 ("*E. Cleveland Firefighters I*").

This court noted [in *E. Cleveland Firefighters I*] that "[t]his is not the first time this issue has arisen," and detailed the issues with the minimum staffing requirements dating back to 2006. *Id.* at ¶ 2. Regarding the temporary restraining order relevant to this case, this court noted that the Union's request for the order was facially invalid because the Union failed, as required under Civ.R. 65, to submit an affidavit detailing what efforts it had taken to give notice to the city prior to filing for the order and failed to timely file its bond. This court, however, stated that it "only note[d] this in an effort to ensure compliance in the future should the issuance of a temporary restraining order be of the utmost concern." *Id.* at ¶ 6.

This court further noted that the May 2016 dismissal of the city's appeal from the preliminary injunction order (*E. Cleveland Firefighters v. E. Cleveland*, 8th Dist. Cuyahoga No. 104386) "may have been improvident in that R.C. 2505.02(B)(4) defines an order granting a preliminary judgment upon which there is no effective remedy from an appeal following the final judgment as a final appealable order." *E. Cleveland Firefighters I* at ¶ 9. Because the "only relief sought in the Union's complaint was for a preliminary injunction to maintain the status quo pending arbitration," the "order granting the preliminary injunction was final; it resolved all claims sought in the complaint." *Id.* Notwithstanding the mistake in the earlier case, this court noted that the "City did not appeal the dismissal to the Ohio Supreme Court and

cannot collaterally attack that judgment within the scope of the current appeal." *Id.* at ¶ 11.

This court went on to consider the City's claims in the appeal, which included that the trial court erred by "granting a preliminary injunction pending arbitration" and "finding the City in contempt subject to a $103,000 sanction because compliance with the injunction was impossible given the City's financial crisis." *Id.* at ¶ 16. This court found them to be without merit and affirmed the trial court's decision. *Id.* at ¶ 20-23.

The City attempted to appeal this court's decision in *E. Cleveland Firefighters I* to the Ohio Supreme Court, but the court declined jurisdiction. *E. Cleveland Firefighters v. E. Cleveland*, 151 Ohio St.3d 1474, 2017-Ohio-9111, 87 N.E.3d 1272.

In March 2018, almost one year after *E. Cleveland Firefighters I* was decided, the Union filed a second motion to reduce monetary obligations to judgment. On April 5, 2018, the trial court granted the motion and reduced judgment, as the Union had requested, for the amount of sanctions the City had accrued from the period between the Union's first motion to reduce obligations to judgment and when the preliminary injunction ended, which totaled $248,750.

*E. Cleveland Firefighters v. E. Cleveland*, 8th Dist. Cuyahoga No. 107034, 2019-Ohio-534, ¶ 2-11 ("*E. Cleveland Firefighters II*").

{¶ 3} The City appealed the April 5, 2018 judgment in *E. Cleveland Firefighters II* and this court found these assignments of error, offered by the City, barred by res judicata: the temporary restraining order was facially invalid; the City had insufficient notice to prepare for the first show cause hearing; the amount of sanctions (initially set at $750 per day and then increased to $1,250 per day) and the award of attorney fees in favor of the Union were erroneous; and reduction of the $103,000 monetary obligation to judgment in September 2016. However, this court determined that the trial court's failure to hold a hearing prior to reducing

sanctions in the amount of $248,750 amounted to reversible error and the case was remanded to the trial court for proceedings consistent with the opinion. *Id.* at ¶ 21-22.

**{¶ 4}** The City attempted to appeal *E. Cleveland Firefighters II* to the Ohio Supreme Court but the court declined jurisdiction. *E. Cleveland Firefighters v. E. Cleveland*, 156 Ohio St.3d 1407, 2019-Ohio-2261, 123 N.E.3d 1031.

**{¶ 5}** Upon remand, the trial court conducted a hearing on September 9, 2019, at which both parties were represented and addressed the motion to reduce sanctions in the amount of $248,750.[1] The Union introduced testimony of Mary Schultz ("Schultz"), an accountant, who explained how she derived sanctions totaling $248,750 and, based upon her review of the City's financial documents, the availability of City funds to satisfy those sanctions. Union president, Tom Buth ("Buth"), also testified that the City did not maintain a ten-man shift minimum as required by the CBA and, therefore, failed to comply with the court's orders. The City's noncompliance resulted in monetary sanctions. The City presented no witnesses nor introduced any evidence. The trial court, speaking through its September 9, 2019 journal entry, reduced the monetary obligations to a judgment against the City in the amount of $248,750 plus $15,994.11 in interest. The City filed this timely appeal noting, verbatim, these assignments of error:

---

[1] Throughout its briefing, the City erroneously references a September 6, 2019 hearing. A review of the docket indicates that the trial court held a hearing, after the court's remand in *E. Cleveland Firefighters II*, on September 9, 2019.

**Assignment of Error No. 1:**  The IAFF, as just an interested party, was incapable of receiving a belated execution of judgment award under R.C. 2705.05.

**Assignment of Error No. 2:**  The trial court misunderstood the "special mandate" of the court of appeals.

**Assignment of Error No. 3:**  The trial court erred in making a speculative finding without a responsible, reliable list of which individuals had been deprived of overtime.[2]

## II.  Law and Argument

### A.  Res Judicata

{¶ 6}  Several issues raised in this appeal are barred by the doctrine of res judicata.  Under res judicata, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action."  *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382, 653 N.E.2d 226 (1995).  The elements required for res judicata are:  "(1) a final decision on the merits in the first action, (2) a second action involving the same parties or persons in privity with those parties, (3) the second action raises claims that were or could have been litigated in the first action, and (4) the claims in the second action arise out of the same transaction or occurrence as the first action."  *Persaud v. St. John Med. Ctr.*, 8th Dist. Cuyahoga No. 105402,

---

[2] During the pendency of this appeal, the City filed a complaint for a writ of mandamus and asked this court to compel the Union "to produce a list of names of the East Cleveland firefighters [entitled to compensation] and amounts due them from the monetary judgment of $103,000 entered in [*E. Cleveland Firefighters I*]."  *King v. Buth*, 8th Dist. Cuyahoga No. 108870, 2019-Ohio-5130, ¶ 1.  The court granted the Union's motion to dismiss that action because the City could use discovery procedures to obtain the requested information; the case sub judice was pending with the amount of the monetary judgment in dispute; and mandamus cannot lie against a private person and the City failed to aver facts that established the Union was not a private person.

2017-Ohio-7178, ¶ 21, citing *Daniel v. Shorebank Cleveland*, 8th Dist. Cuyahoga No. 92832, 2010-Ohio-1054, ¶ 13.

### B. Assignment of Error No. 1.

{¶ 7} The City argues that the trial court lacked subject matter jurisdiction to hear this case because R.C. Chapter 4117, et seq. vests the State Employment Relations Board ("S.E.R.B.") with exclusive jurisdiction over matters pertaining to unfair labor practices, including those issues raised in the Union's complaint. This jurisdictional issue was presented in *E. Cleveland Firefighters I*, 8th Dist. Cuyahoga No. 104948, 2017-Ohio-1558, at ¶ 20, where this court found that the trial court — not S.E.R.B. — had jurisdiction to grant the Union's preliminary injunction pending arbitration. *Id.*, citing *State ex rel. CNG Fin. Corp. v. Nadel*, 111 Ohio St.3d 149, 2006-Ohio-5344, 855 N.E.2d 473, ¶ 16; *Mears v. Zeppe's Franchise Dev.*, 8th Dist. Cuyahoga No. 90312, 2009-Ohio-27, ¶ 23; *Toledo Police Patrolman's Assn., Local 10 v. Toledo*, 127 Ohio App.3d 450, 471, 713 N.E.2d 78 (6th Dist.1998) (injunction pending arbitration under the procedure set out in a collective bargaining agreement is an appropriate exercise of the trial court's jurisdiction). Because subject matter jurisdiction has already been decided, the City is barred under res judicata from raising it again on this appeal.

{¶ 8} Further, the City argues that the Union must "identify the injured firefighters who were allegedly injured by the City's layoff" because the individual firefighters were the injured party, rather than the Union. (Appellants' brief at 5.) It appears the City questions whether the Union had standing to file the complaint.

{¶ 9} An association "'has standing to sue as representative of its members as long as it alleges that at least one of its members is suffering immediate or threatened injury as a result of the contested action.'" *OAPSE/AFSCME Local 4 v. Berdine*, 174 Ohio App.3d 46, 2007-Ohio-6061, 880 N.E.2d 939, ¶ 19 (8th Dist.), quoting *In re 730 Chickens*, 75 Ohio App.3d 476, 484-485, 599 N.E.2d 828 (4th Dist.1991). Here, the Union had standing where it sought declaratory judgment, a temporary restraining order, and a preliminary injunction pending arbitration because the City's noncompliance with the CBA and allowance of understaffing for each shift posed a safety risk to the firefighters. The City's assertion that the Union lacked standing is without merit

{¶ 10} For the foregoing reasons, the City's first assignment of error is overruled.

## C. Assignment of Error No. 2.

{¶ 11} In its second assignment of error, the City asserts two arguments. First, the City contends that the trial court "misunderstood the 'special mandate' of the court of appeals" because the trial court did not reverse the $248,750 sanctions as directed by this court's opinion in *E. Cleveland Firefighters II*, 8th Dist. Cuyahoga No. 107034, 2019-Ohio-534. (Appellants' brief at 9.) The City also claims that the trial court's failure to hold a contempt hearing prior to its April 2018 judgment — the judgment that was basis of this court's reversal in *E. Cleveland Firefighters II* — "fatally prejudiced" the City. By the time the court had the September 9, 2019 hearing on remand, Norton and Wilcox, defendants named in their capacity as the

former mayor and former fire chief, were no longer employed by the City and, as a result, the City argues it was unable to present a representative at the hearing.

{¶ 12} In *E. Cleveland Firefighters II*, the court found any challenge to the amount of the sanctions — either the $750 per day that amounted to the $103,000 judgment, or the increased sanction of $1,250 per day that resulted in a sanction of $248,750 — was barred by res judicata. *Id.* at ¶ 17. On remand, the trial court conducted a hearing on September 9, 2019, in compliance with R.C. 2705.03. The court provided both parties an opportunity to call witnesses and introduce evidence. The Union called two witnesses: accountant Schultz and union president Buth. Schultz substantiated the calculation of sanctions totaling $248,750 based upon the City's noncompliance from August 26, 2016, through March 12, 2017, and testified that her review of the City's financial records indicated the City had sufficient funds to satisfy the existing judgment entry of $103,000 as well as an additional sanction amounting to $248,750.[3] Buth testified that the City did not maintain the ten-man shift minimum as required under the CBA and asserted that any documentation the City sought was available from the City rather than from the former mayor or fire chief. The September 9, 2019 hearing satisfied the rigors of R.C. 2705.03 and the directions of this court in *E. Cleveland Firefighters II*.

{¶ 13} The City also argued in its second assignment of error that it was prejudiced because Norton and Wilcox — the former mayor and fire chief who were

---

[3] Schultz conceded that her review of the City's financials did not take into consideration outstanding judgments from settled lawsuits against the City.

named in their official capacities as defendants — were no longer employed with the City, were outside the court's subpoena power, and their absence was prejudicial to the City when a contempt hearing with regard to the sanctions imposed from August 26, 2016, through March 12, 2017, was not held until September 9, 2019. Without the testimony of Norton and Wilcox, the City claimed it could not verify that firefighters refused to work when requested by the City.

{¶ 14} Per Civ.R. 25(D)(1), a public officer named in his official capacity as a party to an action is, upon resignation or for another reason no longer holds office, automatically substituted by his replacement. "Since the action is really against the position rather than the person, the action is not affected by the change in office." *State ex rel. Botkins v. Laws*, 69 Ohio St.3d 383, 388, 632 N.E.2d 897 (1994). "[A]n order of substitution may be entered at any time, but the omission to enter such an order shall not affect the substitution." Civ.R. 25(D)(1). The City could simply have called the current mayor or fire chief as witnesses on its behalf.

{¶ 15} Further, as demonstrated through Buth's testimony, the current mayor or fire chief have access to relevant documents and no prejudice resulted to the City from a delay in the hearing. Buth, a first-grade firefighter and union president for the past six or seven years, testified on behalf of the Union and explained the City's policy through which it employs a fully manned shift. If a staff position on a shift is unfilled, the City offers available firefighters the option to work overtime. This is called voluntary overtime status. If no firefighters agree to work under the voluntary overtime status, the City can invoke mandatory overtime status:

Q. So if there's a vacancy that needs to be filled with less than 24-hour notice, the employer has the right to require employees through a holdover to stay there and work in order to maintain the staffing level?

A. That's correct, yes.

(Tr. 43.)

{¶ 16} Initially, Buth testified that no records identify which employees the City called for overtime to satisfy the minimum shift requirements. (Tr. 47.) Buth subsequently stated that the fire chief maintains a written record that reflects when the City offered firefighters voluntary and mandatory overtime and whether the firefighters accepted the overtime. (Tr. 47.) Such documentation is available from the current fire chief rather than being accessible only by the former mayor or fire chief. (Tr. 44.) The City offered no evidence or testimony to counter Buth's testimony but argued they were unable to present evidence without Norton or Wilcox. Because the City had a viable option — to call the current mayor and fire chief as witnesses and representatives of the City to discuss the pertinent issues — no prejudice occurred when the hearing was not held until September 9, 2019.[4]

---

[4] "'Laches is an omission to assert a right for an unreasonable and unexplained length of time, under circumstances prejudicial to the adverse party. It signifies delay independent of limitations in statutes. It is lodged principally in equity jurisprudence.'" *Connin v. Bailey*, 15 Ohio St.3d 34, 35, 472 N.E.2d 328 (1984), quoting *Smith v. Smith*, 107 Ohio App. 440, 443-444, 146 N.E.2d 454 (8th Dist.1957). "'The elements of laches are (1) unreasonable delay or lapse of time in asserting a right, (2) absence of an excuse for the delay, (3) knowledge, actual or constructive, of the injury or wrong, and (4) prejudice to the other party.'" *State ex rel. Duclos v. Hamilton Cty. Bd. of Elections*, 145 Ohio St.3d 254, 2016-Ohio-367, 48 N.E.3d 543, ¶ 13, quoting *State ex rel. Polo v. Cuyahoga Cty. Bd. of Elections*, 74 Ohio St.3d 143, 145, 656 N.E.2d 1277 (1995). The City argues laches applies and it was "fatally prejudiced" when the court did not hold a hearing in April 2018, before converting the sanctions totaling $248,750 to a judgment. The City asserts Norton and Wilcox could have testified in 2018 but were not present at

{¶ 17} Plaintiffs' second assignment of error is overruled because the amount of the sanction award was barred by res judicata; the trial court held a hearing on September 9, 2019, in conformance with this court's directives in *E. Cleveland Firefighters II*, 8th Dist. Cuyahoga No. 107034, 2019-Ohio-534; and the City experienced no prejudice due to the absence of Norton and Wilcox at the September 9, 2019 hearing.

### D. Assignment of Error No. 3

{¶ 18} While the City's third assignment of error is difficult to discern, the City appears to argue that the September 9, 2019 hearing was invalid under R.C. Chapter 2705 because of Norton and Wilcox's absences. Specifically, the City again asserts that because the contempt order was based upon the behavior of Norton and Wilcox, the presence of those two individuals was necessary at the September 9, 2019 hearing or else the finding of contempt and reduction of the sanctions to a judgment entry was void.[5] Without the testimony of Norton and Wilcox, the trial court was allegedly forced to rely on the testimony of the Union

---

the September 9, 2019 hearing. However, according to Buth, Norton and Wilcox ceased their employment with the City in December 2016, and August 2017, respectively, negating the City's proposition that no prejudice would have occurred if a hearing were held in April 2019. Furthermore, because the City can call the current mayor and fire chief, we find no prejudice occurred due to a delayed hearing. Absent prejudice, the City's argument that laches bars the trial court from holding a hearing on the $248,750 sanctions is unfounded.

[5] As stated previously, the amount of sanctions is barred by res judicata. *E. Cleveland Firefighters II* at ¶ 17.

president Buth, which the City characterizes as "unreliable and speculative." (Appellants' brief at 12.)

{¶ 19} As we explained above in response to the City's second assignment of error, the absence of Norton and Wilcox had no bearing on the September 9, 2019 hearing. The City could have called as witnesses its current mayor or fire chief to address the sanctions and counter Buth's testimony. The City made a conscious decision not to call the mayor or fire chief and cannot now argue that it was prejudiced or that the reduction of the monetary obligation to a judgment entry is void due to the absence of their testimony. As a result, the City's third assignment of error is overruled.

{¶ 20} In addition to the presented assignments of error, the City requests this court to identify to whom the $103,000 judgment for sanctions journalized on September 9, 2016, should be made payable. The City claims to have withheld payment of the $103,000 judgment because it "has waited vainly for the production of a list so that the overtime payments can be made." (Reply brief at 9.) The $103,000 judgment entry is not an issue properly before this court, and we cannot render an opinion on that issue.

{¶ 21} Judgment affirmed.

It is ordered that appellees recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
RAYMOND C. HEADEN, JUDGE

PATRICIA ANN BLACKMON, P.J., and
MARY EILEEN KILBANE, J., CONCUR