[Cite as *E. Cleveland IAFF 500 v. E. Cleveland*, 2022-Ohio-3668.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

EAST CLEVELAND IAFF 500, ET AL.,  :

    Plaintiffs-Appellees,  :

                              No. 111156

    v.  :

CITY OF EAST CLEVELAND, ET AL.,  :

    Defendants-Appellants.  :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 13, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CV-16-861942 and CV-18-894067

---

### *Appearances:*

MUSKOVITZ & LEMMERBROCK, LLC, Ryan J. Lemmerbrock, and Brooks W. Boron, *for appellees*.

Willa M. Hemmons, East Cleveland Director of Law, *for appellants*.

LISA B. FORBES, P.J.:

{¶ 1}    The city of East Cleveland (the "City"), Fire Chief David Worley, and Mayor Brandon J. King (collectively the "Appellants") appeal the trial court's journal entry confirming and enforcing a March 2017 arbitration award against the City and in favor of the East Cleveland Firefighters, IAFF Local 500, AFL-CIO, and Thomas

Buth (collectively, the "Union"). After reviewing the facts of the case and the pertinent law, we affirm.

## I. Facts and Procedural History

{¶ 2} This case involves a protracted dispute regarding the Union's efforts to enforce Article 9 of their collective bargaining agreement ("CBA"). In Article 9, Section 1 of the CBA, the City agreed to maintain, "on a daily basis, a minimum Safety Fire Fighting Force of ten (10) on-duty firefighters" and, if "personnel are not available to meet the minimum staffing requirements, fire fighters [sic] will be recalled on overtime to maintain the ten (10) minimum safety-manning requirements." In early April 2016, the fire chief issued a memorandum that stated, "there will be layoffs constituting fifteen (15) part time member[s] effective immediately at 0830 hours on April 12, 2016. This will leave the daily staffing level at eight (8)." In response, the Union filed a grievance and submitted the grievance to arbitration pursuant to the CBA, alleging that the City was in violation of Article 9 of the CBA.

{¶ 3} In addition, the Union filed a verified complaint in the court of common pleas on April 15, 2016, seeking a temporary restraining order, preliminary injunction, declaratory judgment, and injunctive relief against the Appellants pending arbitration ("the first court case"). On the same day, the trial court granted the Union a temporary restraining order preventing the Appellants "from unilaterally breaching or otherwise altering the terms of Article 9 of the CBA."

**{¶ 4}** The trial court granted the Union's request for a preliminary injunction on April 25, 2016, finding the City in contempt of the court's April 15, 2016 temporary restraining order and holding "[a]s of April 22, 2016, Defendants shall be fined $750 for each day of non-compliance with the Temporary Restraining Order of April 15 and the Preliminary Injunction Order * * *." The trial court increased the daily sanctions amount on August 9, 2016, to $1250 per day.

**{¶ 5}** The Union filed a motion on August 26, 2016, requesting the court to "reduce monetary obligations to judgment" regarding the sanctions imposed based upon the City's contempt of the trial court's temporary restraining order and preliminary injunction. The trial court granted the motion on September 9, 2016, and awarded $103,000 in sanctions for contempt from April 22, 2016, through August 25, 2016. The Appellants appealed and this court affirmed the trial court's decision finding the City in contempt and awarding sanctions. *See E. Cleveland Firefighters v. E. Cleveland*, 8th Dist. Cuyahoga No. 104948, 2017-Ohio-1558 ("*Firefighters I*").

**{¶ 6}** Following an arbitration hearing, the arbitrator issued a decision on March 12, 2017, finding that the City breached the CBA by reducing staffing levels at the fire department, requiring the City "to immediately restore staffing at the [fire department] to * * * ten (10) [firefighters]/shift," and ordering the city "to make all affected [firefighters] whole in back pay/lost benefits who would have been entitled to overtime on the call-out list under the terms of the [CBA] at any/all dates post April 12, 2016" ("the Arbitration Award").

{¶ 7} On March 6, 2018, the Union initiated a new case when it filed an "Application for Order to Confirm and Enforce Arbitration Award" in the court of common pleas ("the second court case"). The Union named the City as the sole defendant in this action.

{¶ 8} On the same day, in the first court case, the Union also filed a second motion requesting the court to "reduce monetary obligations to judgment" regarding the sanctions for the Appellants' contempt of the trial court's preliminary injunction from August 26, 2016, through March 12, 2017. The first and second court cases were consolidated.

{¶ 9} The trial court granted the Union's motion to reduce monetary obligations to judgment on April 5, 2018, and awarded $248,750 in sanctions against the Appellants. On appeal, this court reversed and remanded, finding "that the trial court should have held a hearing before reducing the sanctions to judgment." *E. Cleveland Firefighters v. E. Cleveland*, 8th Dist. Cuyahoga No. 107034, 2019-Ohio-534, ¶ 21 ("*Firefighters II*").

{¶ 10} On remand, the trial court held a hearing on the Union's second motion to reduce sanctions to judgment. The trial court granted the Union's motion and awarded an additional $248,750 in sanctions plus interest of $15,994.11 for a total of $264,744.11. Again, the Appellants appealed. This court affirmed the trial court's judgment. *See E. Cleveland IAFF 500 v. E. Cleveland*, 8th Dist. Cuyahoga No. 108982, 2020-Ohio-4295 ("*Firefighters III*").

{¶ 11} Following an evidentiary hearing on the Union's "Application for Order to Confirm and Enforce Arbitration Award" (the "confirmation hearing"), on December 22, 2021, the trial court issued a journal entry confirming and enforcing the March 2017 arbitration award, finding "pursuant to the arbitration award, the total back pay owed to the bargaining unit members, including statutory interest, is $1,188,219.36." In the same journal entry, the court concluded "that the current amount owed to [the Union] by the Defendants for sanctions and fees previously awarded by this court is $443,070.68." Combining the two amounts, the court clarified that it granted judgment in favor of the Union in the total amount of $1,631,290.04, plus statutory interest from the date of the entry. It is from this December 22 Order that the Appellants appeal.

## II. Law and Analysis

{¶ 12} On appeal, the Appellants raised the following four assignments of error:

> Assignment of Error No. 1: The trial court abused its discretion when it made an Order inconsistent with the Arbitration Award and the CBA.
>
> Assignment of Error No. 2: The trial court erred by failing to conclude that additional damages were barred by Law of the Case.
>
> Assignment of Error No. 3: The trial court erred by failing to conclude that additional damages were barred by Laches.
>
> Assignment of Error No. 4: The trial court erred by failing to conclude that additional damages were barred by Res Judicata.

### A. Assignment of Error One: Confirmation of the Arbitration Award

{¶ 13} "When reviewing a trial court's decision to confirm, modify, vacate, or correct an arbitration award, an appellate court should accept findings of fact that are not clearly erroneous but should review questions of law de novo." *Portage Cty. Bd. of Dev. Disabilities v. Portage Cty. Educators' Assn. for Dev. Disabilities*, 153 Ohio St.3d 219, 2018-Ohio-1590, 103 N.E.3d 804, ¶ 2.

{¶ 14} Pursuant to R.C. 2711.09, any party to the arbitration "may apply to the court of common pleas for an order confirming the award" within one year of the arbitration award being made. Here, the Arbitration Award was issued on March 12, 2017, and the Union filed its application to confirm the Arbitration Award on March 6, 2018, within the one year prescribed by R.C. 2711.09.

{¶ 15} While a party seeking to enforce an arbitration award has one year to do so, "[n]otice of a motion to vacate, modify, or correct an arbitration award must be served upon the adverse party or his attorney within three months after the award is delivered to the parties in interest * * *." R.C. 2711.13. The record demonstrates that no motion to vacate, modify, or correct was filed in the case at hand. Consequently, the Appellants are precluded from seeking modification or otherwise challenging the substance of an arbitration award. *See Warren Edn. Assn. v. Warren City Bd. of Edn.*, 18 Ohio St.3d 170, 480 N.E.2d 456 (1985) ("[W]hen a motion is made pursuant to R.C. 2711.09 to confirm an arbitration award, the court must grant the motion * * * unless a timely motion for modification or vacation has been made and cause to modify or vacate is shown."); *BST Ohio Corp. v. Wolgang*,

165 Ohio St.3d 110, 2021-Ohio-1785, 176 N.E.3d 31, ¶ 28 (following *Warren* and holding absent a motion to vacate, modify, or correct, "the trial court was required to do what it did — confirm the award and enter judgment").

{¶ 16} On appeal, the Appellants contend that the trial court's December 22 Order was inconsistent with the Arbitration Award made on March 12, 2017, because that award "cannot conceivably portend future possible grievances let alone be held to have governed them." We disagree with the Appellants' characterization of the December 22 Order.

{¶ 17} The Arbitration Award stated that "[t]he City is ordered to make all affected [firefighters] whole in back pay/lost benefits who would have been entitled to overtime on the call-out list under the terms of the [CBA] at any/all dates post April 12, 2016." The Arbitration Award additionally ordered the City "to immediately restore staffing at the [fire department] to the prescribed Safety Manning Levels at ten (10) [firefighters]/shift." While the Arbitration Award did not set forth a dollar amount owed by the City, it did make clear that the affected firefighters were entitled to compensation for "any/all dates post April 12, 2016."

{¶ 18} At the confirmation hearing, the trial court heard testimony from Thomas Buth, the union's president, to establish the specific amount of backpay and benefits the City owed pursuant to the arbitration award. Buth testified that to calculate the amount of backpay owed, the Union reviewed overtime and pay scale figures the City's finance director provided. Using these figures, the Union calculated the overtime and backpay each affected firefighter was entitled to under

the Arbitration Award. Those calculations were submitted to the court as the Union's exhibit No. 2. Buth explained on cross-examination that the Union's exhibit No. 2 included figures from 2018, 2019, and 2020 because the City was in violation of the CBA during those years when "[n]obody brought [the fire department] up to the minimum" staffing as required by the Arbitration Award. The City participated in the confirmation hearing, making arguments and cross-examining the Union's witness. The City also called David Worley, the "Acting Chief" of the East Cleveland fire department. The only testimony elicited regarding the Arbitration Award or the quantification of damages was when he was asked if he had any reason to believe the numbers provided by the City's finance director and utilized by the Union to calculate damages were incorrect. He answered, "[n]o."

{¶ 19} We find that the trial court's award of damages in the amount of $1,188,219.36 is consistent with the March 12, 2017 Arbitration Award. The trial court heard testimony that through 2018, 2019, and 2020 the City had not restored staffing to ten firefighters per shift for every shift as required by the Arbitration Award and determined, consistent with the evidence presented, that certain affected firefighters were owed a total aggregated amount of $1,188,219.36 in backpay.

{¶ 20} Appellants' first assignment of error is overruled.

## B. Assignments of Error Two and Four: Law-of-the-Case and Res Judicata

{¶ 21} "The law-of-the-case doctrine provides that legal questions resolved by a reviewing court in a prior appeal remain the law of that case for any subsequent

proceedings at both the trial and appellate levels." *Giancola v. Azem*, 153 Ohio St.3d 594, 2018-Ohio-1694, 109 N.E.3d 1194, ¶ 1, citing *Nolan v. Nolan*, 11 Ohio St.3d 1, 3, 462 N.E.2d 410 (1984).

{¶ 22} Under the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject to the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382, 653 N.E.2d 226 (1995). "Res judicata makes a final judgment between parties conclusive as to all claims that *were litigated or that could have been litigated* in that action." (Emphasis sic.) *Hempstead v. Cleveland Bd. of Edn.*, 8th Dist. Cuyahoga No. 90955, 2008-Ohio-5350, ¶ 6.

{¶ 23} On appeal, the Appellants assert that the trial court's confirmation of the arbitration award was error and barred by the law-of-the-case doctrine and res judicata because the trial court previously awarded the Union sanctions in the amount of $103,000 and $248,750. Appellants' arguments are unpersuasive. The trial court previously awarded, and this court affirmed, sanctions for the Appellants' violations of the temporary restraining order and preliminary injunction. Those rulings are separate and distinct from the December 22 Order confirming the Arbitration Award and quantifying damages.

{¶ 24} In its September 9, 2016 journal entry, the trial court reduced "financial sanctions to judgment in favor of [the Union] * * * in the amount of $103,000." With its September 9, 2019 journal entry the trial court "award[ed]

sanctions to [the Union] in the amount of $248,750 for contempt for the period of 8/26/16 to 3/12/17 * * *." The court's order explicitly states that the $248,750 was imposed as sanctions for contempt until the date of the arbitration award, March 12, 2017. Neither of the trial court's sanctions awards dealt with backpay or benefits the City owed pursuant to the arbitration award. *Firefighters I*, *II*, nor *III* dealt with the sanctions against Appellants.

{¶ 25} On the other hand, the trial court's December 22 Order confirmed the Arbitration Award and quantified the damages owed. The December 22 Order is the first and only ruling by the trial court confirming the Arbitration Award or awarding damages pursuant to it. The award of damages is separate and distinct from the sanctions imposed for the Appellants' contempt of the court's temporary restraining order and preliminary injunction. This is demonstrated in the December 22 Order itself where, after confirming the Arbitration Award and ruling on the amount of backpay owed, the trial court reiterated its prior rulings imposing sanctions. This is the first appeal to this court regarding the Arbitration Award.

{¶ 26} Because the trial court confirmed the Arbitration Award and quantified the Union's damages the first and only time those issues were presented to the court, neither the law-of-the-case doctrine nor res judicata apply here. Accordingly, the Appellants' second and fourth assignments of error are overruled.

## C. Assignments of Error Three: Laches

{¶ 27} To succeed on the defense of laches, a party must establish the following elements: "(1) unreasonable delay or lapse of time in asserting a right,

(2) absence of an excuse for the delay, (3) knowledge, actual or constructive, of the injury or wrong, and (4) prejudice to the other party." *State ex rel. Polo v. Cuyahoga Cty. Bd. of Elections*, 74 Ohio St.3d 143, 145, 656 N.E.2d 1277 (1995). "A party asserting a laches defense must demonstrate that it has been materially prejudiced by the *other party's* delay." (Emphasis added.) *State ex rel. Clark v. Twinsburg*, Slip Opinion No. 2022-Ohio-3089, ¶ 13.

{¶ 28} The Appellants argue that the Union had "no lawful reason to assert a belated additional claim when [R.C. 2711.09] states that such a hearing should be held forthwith[.]" We disagree.

{¶ 29} We find laches to be inapplicable to the case at hand because the Appellants did not demonstrate that the Union unreasonably delayed before asserting a right or that Appellants were materially prejudiced by any delay caused by the Union. The Union sought to confirm the Arbitration Award within the year provided by R.C. 2711.09. The arbitrator issued her decision on March 12, 2017. The Union sought to confirm that award when, on March 6, 2018, the Union initiated the second court case by filing an "Application for Order to Confirm and Enforce Arbitration Award" in the court of common pleas.

{¶ 30} We acknowledge that the confirmation hearing was not held, and a ruling was not issued until after more than three and one-half years had passed, with the ruling issued on December 22, 2021. However, during that time, the litigation was ongoing. The case was stayed multiple times pending the Appellants' appeals to this court. Those appeals, *Firefighters II and III*, addressed the award of

sanctions against Appellants in response to the Union's motion requesting the court to "reduce monetary obligations to judgment" for the Appellants' contempt of the trial court's preliminary injunction from August 26, 2016, through March 12, 2017.

**{¶ 31}** Under these circumstances, laches is inapplicable. The Union did not unduly delay in seeking confirmation and the delay the Appellants complained of was not caused by the Union. Appellants' third assignment of error is overruled.

**{¶ 32}** Judgment affirmed.

It is ordered that appellees recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LISA B. FORBES, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
EMANUELLA D. GROVES, J., CONCUR